## Black *versus* Halstead.

*Affidavit of Defence, what must be averred in.*

1. Where facts forming part of a defendant's case are averred upon information and belief, in an affidavit of defence, the defendant must add to such an averment, that he expects to prove them, or set out specially the sources of his information, or the facts upon which his belief rests.

2. The maker of a promissory note, in an action by the endorsee against him, alleged, in his affidavit of defence, that the payees claimed to have had two of his notes of similar date and amount, one of which was a forgery or fraudulently obtained, but without an averment that the note in suit was not the one actually given by him : *Held*, that the affidavit of defence was insufficient.

Error to the Common pleas of *Northampton county.*

This was an action of *assumpsit*, brought by Pearson S. Halstead, John C. Chamberlain, and Ebenezer Pray, dealing under

the firm of Halstead, Chamberlain & Co., against Robert P. Black.

The declaration set forth a promissory note made by defendant, July 2d 1857, to Stiles & Carey, for $2000, at ninety days, with an endorsement thereof by Stiles & Carey, to the plaintiffs.

On the 12th of November 1858, the plaintiffs' statement, with an affidavit and a copy of the note, was filed, and, on the 14th of December 1858, the defendant filed the following affidavit of defence :—

Robert P. Black, the defendant above named, being duly sworn, deposes and says, that on the 2d day of July, A. D. 1857, he was indebted to the firm of Stiles & Carey on book account, and in a settlement and adjustment of the said account on that day with —— Stiles, one of the said firm, it was agreed that deponent should pay the said Stiles & Carey, in cash, the sum of eighteen hundred and fifty dollars, and two notes at ninety days each, payable to the said firm, one for twenty-three hundred and thirty-four dollars and sixty-six cents, and one for two thousand dollars, which said settlement was closed on the same day by the said Black paying the said sum of money, and giving the said notes in the manner aforesaid, and for the aforesaid sums of money respectively. That one of the said notes, to wit, the note for twenty-three hundred and thirty-four dollars and sixty-six cents, was paid by deponent at maturity, and taken up. That no other note was on the said 2d day of July due to said Stiles & Carey by deponent, or agreed to, or agreed, expected, or intended to be then given, than those before mentioned. That instead of the one remaining note of two thousand dollars, as above stated, the said Stiles & Carey claim to have had two notes of similar date, tenor and amount, and, as alleged, have endorsed over and delivered one of them to the "Citizens' Bank," and the other to the plaintiffs in this case, and upon which this suit is brought. That this deponent did not make and deliver to the said payees, or either of them, or to any person for them, both of the said notes, but that one of the said two notes is not the genuine note of this deponent, or was improperly, fraudulently, and surreptitiously taken up and carried away from the desk of this deponent by the said Stiles, without this deponent's knowledge or consent, and that he does not owe and never did owe the same. That deponent has been informed and has reason to believe that the note sued upon in this case remained in the possession of the said Stiles & Carey after they had endorsed over and delivered the other above-mentioned note for the same amount, to the Citizens' Bank. That deponent is not aware and does not know whether either of the said endorsees are holders of said notes respectively in good faith. and for a valuable consideration.

3 WR.—5

[Black *v.* Halstead.]

On the 2d of December 1859, the plaintiffs' attorney moved for a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. On argument, the rule was made absolute, and the damages assessed at $2315. The defendant thereupon sued out this writ, and assigned as cause for reversal in this court, that the court below erred in making absolute the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

*Reeder* and *Green*, for plaintiffs in error.—That the facts contained in the affidavit constitute a perfect defence against the payees, cannot be disputed. That they would be also a *primâ facie* defence against the holders is decided in Hutchinson *v.* Boggs & Kirk, 4 Casey 294; Purves *v.* Corfield, 8 Leg. Int. 50; Forcheimer *v.* Freistman, Bright. R. 87.

It will be contended on the other side that the affidavit does not state that *this* note endorsed to and held by these plaintiffs was *the one* which the defendant did not give or did not owe. As the note in suit is in the possession of the plaintiffs, and not subject to the control or inspection of the defendant, it would be impossible for him to swear positively to this. But he does swear, in the next sentence in the affidavit, that he has been informed and has reason to believe that the note sued upon in this case remained in the possession of said Stiles & Carey, after they had endorsed over and delivered the other note of same amount to the Citizens' Bank. And it is possible that he could not distinguish them even if he did see them. This circumstance fastens the fraud incontestably upon the note in suit, for as the defendant admits his liability to pay one of the notes, and one of them was previously put in circulation by the payees, it was a gross fraud in them upon defendant *after that*, to assert any ownership or interest in the remaining note, or to put it in circulation. The defendant's defence therefore would essentially attach and apply to the note last in possession of the payees, because even if one of the notes was a forgery, and the forged note was the one endorsed to the Citizens' Bank, the payees, having received value for it, could not without fraud afterwards sell the genuine note. In the other aspect of the defence, viz., that one of the notes was surreptitiously taken from the defendant's desk, it will of course be conceded that the note last remaining with the payees would be affected by the fraud. In this mode, then, our defence is made specially to apply to the note upon which this suit is brought. But it will be argued that defendant should have asserted that he expected to be able to prove this last assertion as to this note remaining with the plaintiffs, and that the averment of information and belief of the fact is not enough. It is said in 1 T. & H. Pr. 331, that it is necessary for the defend-

[Black v. Halstead.]

ant who swears to facts upon information and belief, to add that he expects to prove them, and four cases are cited as authority. In three of them, viz., Berrill v. Ziegenfaus, C. C. P., Nov. 1847, Brown v. Street, 6 W. & S. 222, and Moore v. Somerset, 6 Id. 263, the averment was simply that defendant believed the facts stated, and this was held insufficient, no information being alleged, and no other ground of belief being shown. In the other of these cases, McLaughlin v. Diamond, 1 T. & H. Pr. 336, the court say : "Where a party defendant says he is informed of and verily believes a certain state of facts constituting a defence, he is bound *either* to add that he expects to be able to prove the defence, *or* show the court specially the grounds of his belief, when, if these grounds are such as are reasonably calculated to raise such belief, the court will give him the delay the law allows, even though he may not be able to say at present that he expects to be able to make out his evidence." Our averment upon information and belief is confined to the one fact mentioned, to wit, that the note in suit remained with Stiles & Carey after the other had been endorsed and delivered to the Citizens' Bank, and that all the other facts of the defence are stated positively. The language and the spirit of the decision above quoted apply only to the case where the whole series of facts constituting the defence are averred upon information and belief. But the fact thus alleged in our affidavit could scarcely have for a ground of belief anything more specific than the information of another. It could not, in the ordinary course of things, have the admission of the plaintiffs, for they might well be ignorant of the fact. At any rate, there is no presumption that they knew it, arising from their position as holders of the paper. Indeed the presumption is the other way, that they came fairly by the paper, and therefore knew nothing of it. The only other means of knowledge in the defendant would be the personal vision of the paper in the possession of the payees after the other note had to his knowledge been put in circulation, which is against the presumption of law, the experience of business, and against common reason. The paper being without the control and inspection of the defendant, he could not be expected to know anything of the existence of a second note, which he had never given, and still less to know that such a note had been already put in the market by the payees. When we assert this fact to be upon the information of another, we show the ground of our belief of its truth in the most probable and natural, if not the only, mode that the ground of belief of such a fact can be shown, and therefore comply with the rule held in the decision quoted. But we by no means admit the correctness of that decision. On the contrary, when a defendant swears in an affidavit of defence that he has been informed of a fact which he believes true, he not

[*Black v.* Halstead.]

only states full ground of belief, but asserts the probable existence of evidence of the fact. The presumption is in favour of the truth of the matter communicated by the information, and that the person giving it will testify to it on the trial. This mode of averment is customary and sufficient in equity pleadings, and is taken in the place of positive averments in bills, in answers, and in affidavits and petitions. Why should it not be sufficient in affidavits of defence? It takes the place of positive averment only, because the affiant has not personal knowledge of the fact in question, and being thus substituted ought to be treated as performing the same function. Viewed as the assertion of a ground of belief, it is complete without more minute specification. In philosophy and in common life, this is a recognised ground of knowledge upon which to base not merely belief but action, and when the fact in question is thus presented to a judicial tribunal, under the sanction of an oath as to its probable truth, it has all the *legal* form which is necessary to entitle it at least to *primâ facie* consideration. The only further specifications in all ordinary cases would be the statement of the name of the informant, and the time and place of the communication. But these are non-essential for the particular purpose of an affidavit of defence, which is in no sense proof, and is only interposed to prevent the legal conclusions flowing from absolute silence of the defendant, and to put the plaintiff to proof.

*Charles & Max Goepp*, for defendants in error.—The words "affidavit of defence," in the rule of court, are used as a term having a definite and settled meaning, viz., "that there is a just cause of defence to the action." An affidavit which omits this essential declaration, may be, in other respects, a valuable paper, but cannot be included in this category : Vanatta *v.* Anderson, 3 Binn. 421 ; Umberger *v.* Zearing, 8 S. & R. 164 ; Burkhart *v.* Parker, 6 W. & S. 450. Until the decision in West *v.* Simmons, 2 Wh. 264, it was not known whether the court would regard anything else as essential except this one averment that a defence existed. In that case it was decided that that averment *alone*, was not sufficient, since the provision in the Act of 28th March 1825, § 2, Brightly's Purd. 242, § 8, that the affidavit of defence must "state the nature and character of the same." In consequence of this act, "the defendant is bound to state not merely that he has a defence, but he must *also* state the grounds and nature of it :" Walker *v.* Geisse, 4 Wh. 256.

The affidavit in this case is not only insufficient, but it is not an affidavit of defence at all. All the averments are construed most favourably for the plaintiff : T. & H. Pr. 330. And the possibility of evasion or duplicity must be excluded : Ogden *v.* Offerman, 2 Miles 40 ; Bryan *v.* Comly, 2 Id. 271 ; Knox *v.* Reeside,

[Black v. Halstead.]

1 Miles 294; Lord v. Ocean Bank, 20 Pa. St. R. 387; Brown v. Street, 6 W. & S. 263.

How does this affidavit stand, when judged by these rules? It avers in substance that the note in suit is one of two notes in circulation, exactly alike in every particular, of which but one ought to be in circulation, while the other is wrongfully so. But even if it had stated positively that *the note in suit* had been fraudulently put in circulation, this could not affect the defendants in error, under the ruling in Mock v. Downing, 7 Leg. Int. 7; Hutchinson v. Boggs, 28 Pa. St. R. 296; Snyder v. Riley, 6 Barr 168; Edwards's Prom. Notes, p. 691, note 3, citing Burrough v. Moss, 10 B. & C. 558; 2 Greenl. Ev., § 171; Jacob v. Sir W. Hungate, 1 M. & R. 445, cited in Edwards's Prom. Notes, p. 687, note 1 (p. 688); Smith v. Martin, cited Id.; also James v. Chalmers, cited Id.; Edwards's Prom. Notes, p. 690; Edwards's Prom. Notes, p. 311, citing Id., p. 312.

The affiant has not stated that *the note in suit* was improperly obtained from him. He avers that *one* of the two notes in circulation is wrongfully in circulation, but he omits to assert that *the note in suit* is the wrongful one.

The state of facts alleged is compatible with the possibility that the note in suit is the rightful, and not the wrongful one.

To deny the compatibility is impossible; and yet without denying it, it is impossible to sustain the affidavit. The plaintiff in error admits the difficulty, but thinks it is evaded by the fact that the affiant goes on to say that he has been informed and has reason to believe that the note in suit remained in the possession of the original payees longer than its fellow. But the truth of even this assertion is not incompatible with the assumption that the note in suit, though last negotiated, was rightfully obtained, and that the other, though first negotiated, was wrongly obtained. Is it not rather probable that if the payees knew the one note to be a forgery, they would realize upon that first, and prefer to hold on to the other, which they knew to be good? It is said that even if the note in suit were genuine, it was a fraud in the payees to negotiate it after having obtained value for the forged one, by negotiating that. Not so. The fraud was complete when the forged note was realized on. To have abstained from realizing on the genuine one, would have afforded no excuse before any tribunal. Consequently there was no guilt in the negotiation of the genuine note, and it is therefore entirely untainted in the hands of the endorsees. The same rule applies, if it be supposed that the other note was not forged, but only surreptitiously taken. The fraud was committed with and adheres to the note so taken, and to no other, whether negotiated before or afterwards.

If the defendants, before a jury, offered to prove that the note

[Black *v.* Halstead.]

in suit was last negotiated for the purpose of proving that it was wrongfully put in circulation, the evidence would be rejected as irrelevant and inadmissible, because the evidentiary fact raises no reasonable presumption of the substantive one.   But even if such evidence were admissible, no affidavit of defence has ever been sustained which swears to *evidence* of the defence instead of swearing to the defence itself: McClure *v.* Bingham, 1 T. & H. 334, note (f).

But this evidentiary fact is alleged in a manner which would be fatally defective if it were the allegation of a substantive fact.   The words are, " that deponent *has been informed and* HAS REASON TO *believe* that the note sued upon remained in the possession of" Stiles & Carey, " after they had endorsed over and delivered the other."   There is no allegation even that deponent *believes ;* much less that he *expects to prove* it, which is absolutely necessary : 1 T. & H. 331.   It is true that in McLaughlin *v.* Diamond, 1 T. & H., p. 334, note (f), found on p. 336, the court say that where defendant cannot swear that he expects to prove his case, he may set out specially the grounds of his belief, and then the court will consider whether or not such grounds are reasonably calculated to raise such belief. But the grounds of belief here alleged are simply and nakedly that " he has been informed :" Walker *v.* Geisse, 4 Wh. 157 ; Sterling *v.* The Mercantile Mutual Insurance Co., 32 Pa. St. R. 76. But the affiant does *not believe* the fact insinuated *himself.*   If he did he would have sworn so ; he only says he *has reason to believe it :* Cochran *v.* Shields, 2 Grant's Cases 437 ; Walker *v.* Geisse, 4 Wh. 257 ; Lord *v.* The Ocean Bank, 20 Pa. St. R. 485.

The affidavit is in the alternative, as to a matter which ought to be, and necessarily must be, within the personal knowledge of the defendant.   Mr. Black admits that he did, on the day in question, the 2d of July 1857, give to Stiles one good, genuine, *bonâ fide* note, corresponding, in every particular, with the one described and copied in our statement filed.   He then avers the existence of two such notes, and asserts that one of them is *either* a forgery, *or*, if genuine, was improperly obtained from him.   If Mr. Black himself does not know whether he executed one note or two notes on that day, how can he expect to prove it to the satisfaction of a jury ?   But if all the facts set forth in an affidavit of defence may be taken for true, and yet the plaintiff may have a valid claim, then there is good reason for delaying him : Leipersberger *v.* The Reading Savings Bank, 6 Casey 531.

Mr. Black says that one of the notes is either a forgery, or was improperly obtained; but does not anywhere allege that ours is the forged note.   If the one held by the Citizens' Bank is the forgery, why are we to be kept out of our judgment ?

[Black v. Halstead.]

Every one of Mr. Black's allegations may be conceded, and yet, if the forged note is the one endorsed to the bank, we have a perfect right of action. It is very doubtful whether even proof that the purchaser of the good note *knew* of the previous sale of the counterfeit one, would constitute a defence.

If two notes were executed by Mr. Black, one of which he is bound to pay and the other he is not, it lies upon him to show (or, for the present, to aver) that ours is the one affected by the fraud. This he has not done.

But the allegation of information and belief is insufficient: Sterling v. Mercantile Mutual Insurance Co., 8 Casey 78; Lord v. Ocean Bank, 8 Harris 386; Walker v. Geisse, 4 Wh. 257; Brown v. Street, 6 W. & S. 222; Moore v. Somerset, 6 W. & S. 263. Defendant must either positively assert the necessary facts, or allege that he expects to be able to prove them.

The opinion of the court was delivered, May 6th 1861, by

STRONG, J.—The averment in the affidavit that the defendant had been informed and had reason to believe that the note sued on remained in the possession of the payees, Stiles & Carey, after they had endorsed and delivered over the other note to the Citizens' Bank, must be regarded as of no importance. It contains no allegation that he expected to prove the fact of which he had been informed and which he believed. When a defendant claims to have a defence against an apparent indebtedness, and undertakes to set out its nature and character, so that a court may judge whether it is a fit case for trial, it surely is not unreasonable to require that he should aver something more than his own belief. His information and belief could avail him nothing at a trial by jury. Why then should they avail to send his case to such a tribunal? The very purpose of authorizing judgment to be given for want of a sufficient affidavit of defence, is to save the necessity of a trial which can result only unfavourably to the defendant. And it is no unfair presumption that, in swearing to a defence in his own language, he will state it at least as favourably to himself as he can present it to a jury. If he cannot therefore assert an expectation of ability to prove such facts as constitute his defence, facts in the existence of which he only avows his belief, he cannot complain if his affidavit be regarded as an admission that they are incapable of proof. For this reason, it has generally been held that when the facts forming part of a defendant's case are averred upon information and belief, the defendant must add to such an averment that he expects to prove them, or set out specially the sources of his information, or the facts upon which his belief rests. To aver that he has been informed and believes will not suffice, for his informant may have died, or for other reasons may not be producible

[Black *v.* Halstead.]

at a trial. In other words, there may have been both information and belief, and yet the defendant be without defence. But if a defendant avows an expectation of ability to prove the facts, there is a just presumption that they can be proved, for there can be no expectation without some reasonable probability. Without such an avowal, there is no reason to conclude that a trial by jury would not be a mere idle ceremony.

Dismissing then this part of the affidavit, as no sufficient averment of any constituent of a defence, do the other facts set out justify a refusal to enter judgment for the plaintiffs? These facts are in, substance, that the payees, Stiles & Carey, "*claim*" to have had two notes of the defendant of similar date, tenor, and amount; that they have, "*as alleged*", endorsed one to the Citizens' Bank, and the other, upon which this suit is brought, to the plaintiffs; that only one such note was given, and that the other, which the payees claimed to have had, is a forgery or was fraudulently obtained, and that such false or fraudulently obtained note the defendant does not, and never did owe. The affidavit admits that the defendant owes one note, such as is described in the copy filed, but it denies that he owes more than one. It does not deny that the one which he confessedly owes, is the one upon which the suit is brought. It does not aver that that note is either a forgery, or was fraudulently obtained. It does not aver that Stiles & Carey held two notes before the one in suit was endorsed to the plaintiffs. And what is very remarkable, it does not even aver distinctly that there are in existence two notes of the defendant, or purporting to be his, such as the one described in the copy filed. All the allegations of the affidavit may be true, and yet there may never have been more than one note for two thousand dollars, and that the one upon which suit is brought.

The defendant only swears that Stiles & Carey "*claim*" to have had two notes, and, "*as alleged*," have endorsed one to the Citizens' Bank, but he does not swear that this claim and allegation are true. The assertion of want of genuineness of one note, and the alternative assertion of its having been fraudulently obtained, refer only to the contingency of there having been in fact two. If there was only one, that is admitted to be genuine and due. The substance of the defendant's affidavit therefore is, "Stiles & Carey say they had two notes of mine. If they had, one was a forgery or was fraudulently obtained. I gave but one. I do not say that the one now in suit is not the one which I gave." This is clearly no sufficient defence. Suppose the case sent to a jury. The plaintiffs give in evidence the note, and the burden is then cast upon the defendant to show that he is not liable. Assuming this burden, he proves that Stiles & Carey had said they had two notes of similar date and amount with the one in

[Black *v.* Halstead.]

evidence. He then proves that he gave but one, and offers nothing more. A verdict for the defendant on such evidence would be impossible.

The court was therefore right in adjudging the affidavit insufficient, and entering judgment for the plaintiffs.

Judgment affirmed.