## Tilli v. Vandegrift, Appellant.

*Partnership—Misjoinder and nonjoinder of parties—Practice, C. P.—Act of April* 14, 1851, *P. L.* 615.

In order to make the allegation of a nonjoinder or misjoinder of members of a partnership available as a defense, it is incumbent to allege in the affidavit of defense that the provisions of the Act of April 14, 1851, P. L. 615, relating to the filing of a certificate in the office of the prothonotary had been complied with by the partnership.

*Promissory notes—Affidavit of defense.*

In an action against a partnership on a promissory note, an affidavit of defense by one of the partners is insufficient which merely avers : " That the note on which this suit is brought was not given by this deponent, and he knows nothing of it. He received no consideration for the same and, so far as he is informed, no consideration was given to said firm by said plaintiff for said loan."

*Practice, C. P.—Affidavit of defense—Averment upon information and belief.*

When the facts forming part of a defendant's case are averred upon information and belief, the defendant must add to such an averment that he expects to prove them, or set out specially the sources of his information or the facts upon which his belief rests.

Argued Oct. 24, 1901. Appeal, No. 205, Oct. T., 1901, by defendants, from judgment of C. P. No. 2, Phila. Co., March Term, 1901, No. 2834, on verdict for plaintiff in case of James Tilli v. James N. Vandegrift and Joseph A. Vandegrift, Co-partners, late trading with Jacobs as Vandegrift & Jacobs. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a promissory note.

The affidavit of defense was as follows:

Joseph A. Vandegrift, one of the above named defendants, being duly sworn according to law, deposes and says that he has a just, true, full and complete defense to the plaintiff's claim in this case of the following nature and character, to wit:

That James N. Vandegrift, one of the above named defendants was not at any time a member of the firm of Vandegrift & Jacobs, said firm being composed of this defendant, Joseph A. Vandegrift and Thomas H. B. Jacobs, trading as Vandegrift & Jacobs; but the said plaintiff has omitted to name the said Thomas H. B. Jacobs as one of the defendants in this suit.

That the note on which this suit is brought was not made nor given by this deponent, and he knows nothing of it. He received no consideration for the same and, so far as he is informed, no consideration was given to said firm by said plaintiff for said note.

James N. Vandegrift also filed an affidavit of defense in which he denied he was a partner against Joseph A. Vandegrift.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph Savidge*, with him *Joseph A. Slattery*, for appellant.— An affidavit setting up nonjoinder or misjoinder of parties defendant is sufficient: 1 P. & L. Dig. of Dec. 277; Markley v. Quay, 8 W. N. C. 145; McCouch v. Price, 3 Phila. 148.

The affidavit as to the merits was sufficient: Hogg v. Orgill, 34 Pa. 344; Lancaster County Nat. Bank v. Henning, 171 Pa. 399; Reiter v. Fruh, 150 Pa. 623.

*J. H. Brinton*, for appellee, cited as to the misjoinder and nonjoinder: Delp v. Hadley, 12 W. N. C. 323; Pleasant Valley Wine Co. v. Wilson, 1 W. N. C. 5.

Cited as to the merits: First National Bank of Clarion v. Gregg, 79 Pa. 384; Woolverton v. Smith, 4 W. N. C. 442; Landis v. Metzger, 2 W. N. C. 80; Gowen v. McPherson, 10 Phila. 358; Union Trust Co. v. Banger, 8 Pa. C. C. Rep. 99; Black v. Halstead, 39 Pa. 64; Schoonover v. Philipsburg Banking Co., 1 Pa. Dist. Rep. 733.

OPINION BY W. D. PORTER, J., December 16, 1901:

The affidavit of defense filed by Jos. A. Vandergrift does not deny that the note upon which this action was brought was duly executed by a firm of which he was a member. The affidavit sets up two grounds of defense : first, the nonjoinder of Thos. H. B. Jacobs who was a member of the firm and the misjoinder of Jas. N. Vandergrift who was not a partner and was not served; and second, an alleged defense upon the merits which is thus stated : " That the note on which this suit is brought was not given by this deponent, and he knows nothing of it. He received no consideration for the same and, so far as he is informed, no consideration was given to said firm by said plaintiff for said loan." In order to make the allegation of a nonjoinder or misjoinder of members of the partnership available as a defense, it was incumbent upon the defendant to allege that the provisions of the Act of April 14, 1851, P. L. 615, had been complied with by the partnership, and the absence of such an allegation in this affidavit is a fatal defect. The attempted allegation of a defense upon the merits is equally defective. An allegation that the deponent did not give the note and knows nothing about it is not the equivalent of an averment that the note was not given by some member of the firm, or some agent authorized to bind the firm. The deponent may not have received any consideration for the note, but the firm may have done so. This affidavit does not explicitly deny that the firm did receive such consideration, but avers " that so far as he is informed, no consideration was given to said firm." He does not state what his information is, nor that he believes and expects to be able to prove it to be true. This amounts to nothing more than if he had said he knew nothing about the transaction. When the facts forming part of a defendant's case are averred upon information and belief, the defendant must add to such an averment that he expects to prove them, or set out specially the sources of his information or the facts upon which his belief rests : Black v. Halstead, 39 Pa. 64; Newbold v. Pennock, 154 Pa. 591.

The judgment is affirmed.