## Daniel, Appellant, *v.* Lance.

*Partnership—Evidence of partnership—Burden of proof.*

One who holds himself out as a partner, on the faith of which others trust or enter into a contract with the firm, is responsible, although not a partner.

In an action on a promissory note signed with a partnership name, it appeared that only one of several defendants was served. The evidence for the plaintiff tended to show that the defendant served had represented that he was a member of the firm, and had induced plaintiff to extend the credit, and that after the plaintiff had parted with his property and had brought an action to recover the value thereof, the defendant served filed an affidavit denying that he was a member of the firm. *Held*, that it was error to enter a nonsuit.

Argued Oct. 10, 1902. Appeal, No. 61, Oct. T., 1902, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1899, No. 83, refusing to take off nonsuit in case of Charles A. Daniel v. Charles D. Lance et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before WILTBANK, J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*James Collins Jones,* for appellant.—If it is to be inferred from the supplemental affidavit of defense that Charles D. Lance swears that he was not a partner in the firm of Lance Sons, he, nevertheless, does not say that he did not hold himself out as such to the plaintiff, and this is what the plaintiff testified he did. There is, therefore, no conflict between the plaintiff's testimony and the written declaration of the defendant contained in the supplemental affidavit of defense.

It is true as a general rule that a party cannot be permitted to impeach the veracity of his own witness, yet he may disprove the facts to which his witness has testified: Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; Lansdale

Trust & Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235; Dodge v. Dickson Mfg. Co., 113 Fed. Repr. 218.

It is a most extraordinary proposition that the rights of absent defendants, who, of course, cannot be bound by the judgment, should be considered in determining the character of the evidence competent to charge the defendant in court.

This proposition is entirely without authority to support it and there is a great deal of authority against it: Edwards v. Tracy, 62 Pa. 374; Taylor v. Henderson, 17 S. & R. 453; Lenhart v. Allen, 32 Pa. 312; Crossgrove v. Himmelrich, 54 Pa. 203; Hutchinson v. Ledlie, 36 Pa. 112.

If the person against whom the judgment is entered is not in fact a member of the firm or the debt is not a firm debt, the real partners or the other partners, as the case may be, must get their relief and protect their interests in the partnership assets by getting a rule in the proceedings in which the execution is issued, to show cause why the judgment should not be opened and the execution set aside as to the partnership assets: Hutchinson v. Ledlie, 36 Pa. 112.

*David C. Harrington,* for appellee.

OPINION BY W. D. PORTER, J., November 19, 1902:

This action was brought to recover the amount of two promissory notes made by Lance Sons. The only defendant served was Charles D. Lance, and against him alone was the issue tried. The plaintiff testified that the business, out of which the indebtedness arose, was transacted between himself and Charles D. Lance, who had represented that there was a firm doing business under the style of Lance Sons, of which he, Charles D. Lance, was a member; and that the notes in suit had been delivered to him by the said Charles D. Lance. He then offered evidence which, if believed, established that there was a definite amount due and owing upon the notes. This evidence was sufficient to sustain a verdict and judgment against Charles D. Lance; and there being no pretense that the firm had complied with the provisions of the 13th section of the Act of April 14, 1851, P. L. 612, the defendant was not in position to take advantage of any misnomer, " or the omission of the name of any member of the partnership, or the inclusion of the names of persons not

members of said partnership:" Tilli v. Vandegrift, 18 Pa. Superior Ct. 485. The plaintiff then offered the supplemental affidavit of defense filed by Charles D. Lance, which inferentially denied that he was a member of the partnership; and stated "that at the date of the giving of the notes upon which this suit was brought, there was a firm of Lance Sons, composed of Walter W. Lance and Joseph P. Lance, trading as Lance Sons." The purpose of offering this affidavit is not apparent, for the declaration of Charles D. Lance, made in the absence of those sought to be charged by it, was not competent evidence of the liability of Walter W. Lance and Joseph P. Lance. The learned judge of the court below was of the opinion that it was incumbent upon the plaintiff to prove a joint liability of all the defendants named as partners, and that as the testimony of the plaintiff discredited a part of the affidavit which was offered for the purpose of showing such joint liability, the effect was to entirely destroy its value as evidence. This conclusion led the court below to enter a judgment of nonsuit, which it subsequently refused to take off. We cannot agree to the conclusion of the court below that the burden was upon the plaintiff to establish the joint liability of all the persons named as partners. To do this would be to strike down the wise provisions of the act of 1851.

Let it be assumed, however, that the plaintiff was required to show a joint liability of all the persons named as partners. The testimony of the plaintiff and his witnesses would be that Charles D. Lance, at the time the plaintiff parted with his property, had represented that he was a member of the firm of Lance Sons. This representation alone was sufficient to charge Charles D. Lance as a partner as between him and the person to whom the representation was made and who acted upon it. His liability was not dependent upon the truth or falsity of his representation. The question upon which the jury would have been called to pass was whether he made the representation. "One who holds himself out as a partner, on the faith of which others trust or enter into a contract with the firm, is responsible, although not a partner:" Kirk v. Hartman & Co., 63 Pa. 97. The affidavit of Charles D. Lance was competent evidence as against him. It did not allege that he had not represented himself to be a partner; if it had done so,

474, (1902).]          Opinion of the Court.

the effect would not have been fatal to the plaintiff's right to recover and the case would still have been for the jury: Conyngham v. Erie Electric Motor Company, 15 Pa. Superior Ct. 573; Lansdale Trust and Safe Deposit Company v. Smith, 19 Pa. Superior Ct. 235. When the court below entered the judgment of nonsuit, the evidence, if believed, established these facts: Lance Sons were indebted to the plaintiff; Charles D. Lance had represented that he was a member of the firm of Lance Sons and had induced the plaintiff to extend the credit, and, after the plaintiff had parted with his property and had brought an action to recover the value thereof, Charles D. Lance filed an affidavit denying that he was a member of the firm. These facts being accepted as established, the plaintiff was entitled to recover and the learned court below was in error in refusing to take off the judgment of nonsuit.

The judgment is reversed, and a venire facias de novo is awarded.