## Daniel v. Lance, Appellant.

*Partnership—Promissory notes—Action—Evidence.*

In an action on promissory notes against a partnership where plaintiff proves that one of the defendants, who was the only defendant served, represented at the time the notes were given that he was a member of the firm, and the plaintiff also testifies that the defendant had transacted business for the firm with him, the notes are properly received in evidence.

*Partnership—Registration—Action—Act of April 14, 1851, sec. 13, P. L. 612.*

Where a partnership has not registered in accordance with the provisions of section 13 of the Act of April 14, 1851, P. L. 612, it cannot complain in a suit against it that the name of one of the members was omitted or that the names of persons not members were included as parties defendant.

*Partnership—Promissory notes—Notice—Evidence.*

In an action upon promissory notes against a partnership, the only defendant who was served admitted that he had been a member of the firm at the time the dealings with the plaintiff had their inception, and that he continued to be a partner until a certain date, that he then sold out his interest in the partnership and notified the plaintiff of that fact, and that he subsequently carried on and managed the business of the firm as the attorney in fact of his former partners. It appeared that there was no change of names under which the partnership carried on its business. The plaintiff denied that he had any notice that the defendant had sold out his interest. *Held,* that the liability of defendant was dependent upon whether the plaintiff had been notified, and that this question was for the jury.

In the above case plaintiff testified that he saw the defendant who was served, sign the notes in suit, and that he received them from him. The defendant offered to prove that the notes had been signed by another

partner, and delivered to the plaintiff. *Held,* that this offer should have been admitted as bearing both upon the main question, and upon the credibility of the plaintiff, and the accuracy of his recollection.

*Partnership—Registration—Amendment of record—Perjury—Evidence.*

When a partnership has not registered the names of its members, it is often very difficult to ascertain the persons of which it is composed, and a plaintiff is not to be subjected to the imputation of perjury because later information warrants him in amending his record.

In an action against a partnership, plaintiff, in his original statement, verified by affidavit, alleged the defendant firm to be composed of the defendant who was served and certain other persons, and he subsequently presented a petition verified by affidavit, averring that the names of two persons had been improperly included as partners, and that another name had been improperly omitted, and moved for an amendment of the record. The affidavits were made upon information and belief, but there was nothing to show that they had been corruptly made. *Held,* that the court committed no error: (1) in refusing to send out the two affidavits for the alleged purpose of discrediting the testimony of the plaintiff by showing that in the original statement there had been a mistake as to the persons who constituted the defendant firm; (2) in refusing to charge that if the jury found from the evidence "that the plaintiff has sworn falsely in this case, his testimony, where it is contradicted by other witnesses, should be disregarded, applying the rule that a witness false in one is false in all."

*Evidence—Promissory notes—Comparison of signatures.*

In an action against a partnership on promissory notes, it is not error to refuse to submit to the jury the signature of the only defendant served to his affidavit of defense, for comparison with the firm's signatures to the notes in suit.

Argued Oct. 9, 1905. Appeal, No. 70, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1899, No. 83, on verdict for plaintiff in case of Charles A. Daniel v. Charles D. Lance. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on promissory notes. Before WILTBANK, J.

At the trial the court under objection and exception by defendant admitted in evidence the notes in suit. [1]

The court refused to permit a witness for the defendant to testify that the notes were signed by Joseph P. Lance. Exception. [2]

Defendant presented the following points :

1. That before the plaintiff can recover the jury must find from the evidence that Charles D. Lance was a partner in a

firm composed of himself, Joseph P. Lance and Walter W. Lance, trading as Lance Sons, and if they do not so find, the verdict must be for the defendant, Charles D. Lance. *Answer:* That point I refuse. [3]

2. That if the jury find from the evidence that the plaintiff, Charles A. Daniel, has sworn falsely in this case, his testimony, where it is contradicted by other witnesses, should be disregarded, applying the rule that a witness false in one is false in all. *Answer:* For answer to that point I refer to my general charge. [4] That part of the charge is as follows:

I am required, in view of a certain point that counsel for defendant has presented to me as a subject of part of my charge, to call your attention to statements in the statement of claim made by the plaintiff when he came into court, and demanded his money. It has been argued by counsel for defendant, that as there have been disclosed several inaccuracies (we will call them untruths; that is to say, several statements inconsistent with the actual fact) in the statement of claim, you must condemn the plaintiff as not telling you judicially the truth under oath as a witness, and as I am obliged to decline that point it is necessary, in justice to both sides, that I should give you some explanation of my view of that aspect of the case. The statement originally filed says that " at the time of the happening of the matters herein complained of the defendants were copartners trading as aforesaid " and it names William Lance, Jr., DeHaven Lance, Charles Lance and Joseph Lance, " now or late," and so forth. The affidavit attached to that statement avers that the plaintiff believes the statements are true to the best of his knowledge, information and belief. Now, you will observe, that when this knowledge, information and belief were enlightened further by the affidavit of the defendant, and he made his correction, he does not stand at all convicted of a deliberate untruth. A man avers such and such is the fact, " to the best of my knowledge, information and belief," and he may come forward later and say, " Since then, I have acquired fuller knowledge, or other knowledge, other information and other belief, and I beg leave accordingly to amend that statement," and if he obtains the warrant of the court for the amendment, he is purged of all imputation of perjury. The court says, averring then, according to your information, and coming

in now with fuller information, we allow you to correct your averment. So that you will observe that there is nothing serious in that aspect of the case as against the plaintiff when he comes in and asks of you a verdict against the defendant. With regard to the statement of amount, the averment in the original statement is that " the whole of the principal of said notes, with interest thereon from the dates of their maturity, still remains justly due and payable by said defendant to said plaintiff," and the defendant came in and claimed that he had paid the sum of $265 in behalf of Lance Sons, and that averment having been put of record, the plaintiff has gone into the account and finds that credit is to be allowed, but not that amount, and he allows a credit of some $95.00. You will remember the amount and will have it out with you when you examine the claim. Therefore, as I say, the real point is as I have presented it to you. Did the defendant represent, when he was dealing with the plaintiff at the time these two notes were given, that he was of the concern of Lance Sons ?

3. That if the jury find from the evidence that the plaintiff was told by Charles D. Lance and Thomas A. Gummey, in 1888, that he, Charles D. Lance, had sold out his interest in the old firm of Lance Sons to Walter W. Lance, and was no longer a member of the firm of Lance Sons, the verdict must be for the defendant. *Answer :* That point I refuse. [5]

4. The recording of the letter of attorney of W. W. and J. P. Lance, in 1891, was notice to the plaintiff of the authority of Charles D. Lance to act in the premises. *Answer :* That point I refuse. [6]

5. That if the jury find from the evidence that the indebtedness, for which the notes in suit were given, was for a debt contracted by Walter W. and J. P. Lance, trading as Lance Sons, the verdict must be for defendant. *Answer :* That point I affirm, providing you find that Charles D. Lance did not at that time represent himself as also of the firm. [7]

6. That the verdict must be for the defendant. *Answer :* That point I refuse. [8]

The court charged in part as follows :

[It is hardly material who signed the notes. That is to say, it is not necessary that the defendant should sign the notes.

458   DANIEL *v.* LANCE, Appellant.

Opinion of Court below—Assignment of Error. [29 Pa. Superior Ct.

Mr. Daniel was sure that he did. He says he had seen him often sign notes, there were long transactions between them, he saw him sign these and he delivered the obligations to him. Mr. Joseph P. Lance says that he signed those two notes on the two several occasions. It is hardly material, if you find that Charles D. Lance represented at the time that he was of the concern, who in point of fact did actually make the signatures "Lance Sons."] [9]

The court refused to permit the defendant to send out with the jury the affidavit to the statement of claim, the affidavit to amend the record, and the affidavit of Charles D. Lance as to who were members of the firm. [10]

The counsel for the defendant, in addressing the jury, exhibited the affidavits of defense of Charles D. Lance which were filed in the case and were offered in evidence, and the notes upon which suit was brought and called attention to the signatures that they were not in the same handwriting, as was apparent on the face.

The judge stated that it was improper to submit them to the jury and ordered that it be stopped. To this the counsel for the defendant excepted and asked that it might be taken down by the stenographer and the exception noted. [11]

And now, to wit: July 13, 1904, it is ordered that the foregoing statement of counsel for defendant be filed as of May 17, 1904; and further, it appearing to the court that the papers referred to in the said statement, to wit: the affidavits of defense of Charles D. Lance and the notes upon which this suit was brought, were not competent for the use proposed in submitting them to the inspection of the jury, to wit: a comparison of the signatures, Lance Sons, in order to secure from the jury a finding of fact that the defendant, Charles D. Lance, did not sign the notes in suit, and that the use of the same for this purpose was unwarranted by leave of the court, it is ordered that the action of the court in the premises be affirmed and that an exception be allowed the defendant.

Verdict and judgment for plaintiff for $1,132.26. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3–11) above instructions, quoting them.

*David C. Harrington*, for appellant.

*James Collins Jones*, for appellee.

OPINION BY PORTER, J., November 21, 1905 :

The plaintiff had proved that the two notes in question had been given for a debt of Lance Sons, and that Charles D. Lance had from 1886 to the time the notes were given represented that he was a member of the firm doing business under that style, and that said Charles D. Lance had for said firm transacted the business with the plaintiff ; after this preliminary. proof the notes were properly received in evidence, and the first specification of error is without merit.

Charles D. Lance was the only defendant served and the issue was tried as to him alone. The plaintiff had declared against the defendant as a partner in a firm composed of himself, Joseph P. Lance and Walter W. Lance, trading as Lance Sons, the firm of Lance Sons had not registered in accordance with the provisions of the 13th section of the Act of April 14, 1851, P. L. 612, and the right of the plaintiff to recover could not be defeated by " the omission of the name of any member of the partnership, or the inclusion of the names of persons not members of said partnership : " Tilli v. Vandegrift, 18 Pa. Superior Ct. 485 ; Daniel v. Lance, 21 Pa. Superior Ct. 474. Under the issue being tried it was only necessary for the plaintiff to prove that the notes had been given for a debt of Lance Sons ; by some person authorized to sign the paper of that firm, and that Charles D. Lance was a member of the firm, or had held himself out to be such. The defendant in his testimony admitted that he had been a member of the firm at the time the dealings with the plaintiff had their inception and that he continued to be a partner until October 5, 1888, that he then sold out his interest in the partnership and notified this plaintiff of that fact, and that he subsequently carried on and managed the business of the firm as the attorney in fact of his brothers. There was no change of the name under which the partnership carried on its business. The defendant having been a member of the partnership at the time the course of dealing with the plaintiff had its inception, having personally, as a member of the firm, transacted the business of the part-

nership with the plaintiff for a considerable period, and having after his alleged withdrawal from the firm still continued, in the same partnership name, to transact business with the plaintiff, the latter would, under the circumstances, be justified in still considering him a partner, unless he, the plaintiff, had notice that the defendant had withdrawn from the partnership. The defendant did not deny that the notes were given for the debt of the firm of Lance Sons, but asserted that these particular notes had been signed by Joseph P. Lance. The learned judge of the court below was, therefore, correct in holding that the liability of the defendant in this action was, under the evidence, dependent upon whether the plaintiff had been notified, as testified by the defendant and another witness, that Charles D. Lance had retired from the firm and was merely acting as the representative of his brothers. The third, sixth, seventh, eighth and twelfth specifications of error are dismissed.

While the right of the plaintiff to recover was not dependent upon whether Charles D. Lance had actually signed the notes in suit, that fact was one material for the jury to consider in passing upon the question upon which the right of the plaintiff to a verdict ultimately depended. Did the defendant hold himself out as a member of the firm, or did the plaintiff have notice that the defendant had withdrawn from the partnership? The plaintiff testified that he saw Charles D. Lance sign these particular notes and received them from him. This evidence was material to the issue and was properly received. The testimony, offered on the part of the defendant, that these notes were signed by Joseph P. Lance and were by him delivered to the plaintiff, directly contradicted this material allegation of the plaintiff and tended to establish that the course of dealing had been different from that which the latter asserted; in this view it bore directly on the main question, and it was certainly proper for the jury to consider in passing upon the credibility of the plaintiff and the accuracy of his recollection. The second and ninth specifications of error are sustained.

The fourth specification of error is not worthy of serious consideration. Counsel for the defendant requested the court to instruct the jury that if they found from the evidence "that the plaintiff, Charles A. Daniel, has sworn falsely in this case, his testimony, where it is contradicted by other witnesses,

should be disregarded, applying the rule that a witness false in one is false in all." This point was predicated upon the fact that the plaintiff had in his original statement, verified by affidavit, alleged the firm of Lance Sons to be composed of this defendant and certain other persons and that he subsequently presented a petition, verified by affidavit, averring that the names of two persons had been improperly included, as partners, and that another name had been improperly omitted, and moved for an amendment of the record. Each of these affidavits was upon its face asserted to be made from information and belief, and there was no evidence in the case from which a jury ought to have been permitted to find or infer that the statements were corruptly made. When a partnership has not registered the names of its members it is often very difficult to ascertain the persons of whom it is composed, and a plaintiff is not to be subjected to the imputation of perjury because later information warrants him in amending his record.

The third point submitted by the defendant might have been affirmed with proper explanation. The mere fact that two witnesses testified that the plaintiff had been told that Charles D. Lance had retired from the firm was not conclusive of that question. The jury may have been satisfied that such a representation had been made to the plaintiff, but they may also have been satisfied that the representation was not true and that Charles D. Lance never had in fact retired from the firm or they may have been convinced that Charles D. Lance had subsequently represented to the plaintiff that he was a member of the firm.

The learned judge of the court below was right in refusing to permit defendant's counsel to send out with the jury the affidavit to the statement of claim and that to the petition for the amendment of the record, for the alleged purpose of discrediting the testimony of the plaintiff by showing that in the original statement there had been a mistake as to the persons who constituted the defendant firm. The zeal of defendant's counsel misled him into invoking a principle for which the evidence in this case afforded no foundation. The refusal of the court to permit the defendant's counsel to submit the signature of the defendant to his affidavit of defense to the jury for comparison with the signatures to the notes in suit was proper.

The signatures were not the same, that to the affidavit was Charles D. Lance and that upon the notes was Lance Sons. The controlling reason for holding such a comparison improper, however, was that the signature to the affidavit was made in this very proceeding and after the controversy had arisen, and there was no evidence that the signature of Charles D. Lance, to the affidavit, was made in the way in which he ordinarily wrote it; see American & English Ency. of Law (2d ed.), vol. 15, page 274, and cases there cited.    The tenth and eleventh specifications of error are dismissed.

The judgment is reversed and a venire facias de novo awarded.