## Kurie v. Dodson Day School.

*Demurrer—Partnership—Unincorporated association.*

1. Where the plaintiff declares against the defendant as a partnership, and inadvertently uses the words "or an unincorporated association," these latter words are mere surplusage.

2. An action of *assumpsit* cannot be brought against an unincorporated association, inasmuch as there is no such entity known to the law. It should be sued in equity, but if an action of *assumpsit* is brought against certain parties as members of an unincorporated association, it is no defence that they are such members, but all who contract or assent to the contract are individually liable.

Affidavit of defence in lieu of demurrer. C. P. Northampton Co., Dec. T., 1926, No. 63.

*Booth & Barthold,* for plaintiff; *Herbert J. Hartzog,* for defendants.

STEWART, P. J., Feb. 14, 1927.—One of the defendants, in her own behalf and in behalf of another defendant, filed an affidavit of defence in lieu of demurrer, alleging that the court had no jurisdiction over the defendants as above named as impleaded in the action and no jurisdiction of the cause of action, and that the plaintiff has declared that the "defendants are members of a partnership or an unincorporated association, doing business as the Dodson Day School, in the City of Bethlehem, Northampton County, Pennsylvania, and that other persons unnamed, together with the defendants, constitute the said partnership." The defendants' contention is that, if they are partners, their liability is different from their liability as members of an unincorporated association, and if they are the latter, this court has no jurisdiction, but that the Act of June 16, 1836, § 13, P. L. 789, gives equity jurisdiction over unincorporated societies or associations. The statement of claim sets forth as follows: "2. The above-named defendants, Mrs. Emilie C.

P. Smith, as treasurer, Mrs. Carolyn N. Britton, as principal, and Mrs. Leslie Farwell Hill, as manager, are members of a partnership or an unincorporated association, doing business as the Dodson Day School, in the City of Bethlehem, Northampton County, Pennsylvania. 3. The said defendants above named, together with other persons, constitute the said partnership, but their names are not known to the plaintiff by reason of their failure to comply with the Act of Assembly of Pennsylvania of June 28, 1917, P. L. 645, known as the Fictitious Names Act." We think it clearly appears from these paragraphs that this suit was brought against the three defendants as partners, and that the words "or an unincorporated association" are mere surplusage. Ash et al. v. Guie, 97 Pa. 493, is not authority for the position that a suit like the present cannot be maintained. That case simply holds that you cannot sue an admittedly unincorporated association at law, but you must file a bill in equity; but even in that case the judgment was reversed and *venire facias de novo* was awarded for the purpose of determining who were actually liable. Mr. Justice Trunkey said: "But those who engage in the enterprise are liable for the debts they contracted, and all are included in such liability who assented to the undertaking or subsequently ratified it. Those who participated in the erection of the building, by voting for and advising it, are bound the same as the committee who had it in charge. And so with reference to borrowing money. A member who subsequently approved the erection or borrowing could be held on the ground of ratification of the agents' acts." See, also, Maisch v. Order of Americus, 223 Pa. 199; Wolfe v. Limestone Council No. 373, 233 Pa. 357; Dinger v. Friedman et al., 279 Pa. 8. In Oster v. Brotherhood of Locomotive Firemen and Enginemen et al., 271 Pa. 419, it was held: "An action of *assumpsit* cannot be brought against an unincorporated beneficial association, inasmuch as there is no such entity known to the law." The whole subject is well discussed in two cases, Gottselig v. Cigarmakers International Union of America, 76 Pa. Superior Ct. 273, and Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276. In the latter case the syllabus is: "Where the committee of a political party, or an officer of that committee, goes to a merchant and orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of the goods, to bring suit against all the members of the party, or even against all the members of the committee. The officers or a committee or any number of members of such party have no right to contract debts which will be valid against every member of the party, or of the committee, from the mere fact that he is a member of the party or of the committee. But those who make a contract not forbidden by law are personally liable, and all are included in such liability who assented to the undertaking." It was also stated on the argument, and not denied, that no statement of the names and location of the partners and its style and name, as provided by the Act of April 14, 1851, § 13, P. L. 612, had been filed. In Tilli v. Vandegrift, 18 Pa. Superior Ct. 485, the syllabus is: "In order to make the allegation of a non-joinder or misjoinder of members of a partnership available as a defence, it is incumbent to allege in the affidavit of defence that the provisions of the Act of April 14, 1851, P. L. 612, 615, relating to the filing of a certificate in the office of the prothonotary, had been complied with by the partnership." In Daniel v. Lance, 29 Pa. Superior Ct. 454, the syllabus is: "Where a partnership has not registered in accordance with the provisions of section 13 of the Act of April 14, 1851, P. L. 612, it cannot complain in a suit against it that the name of one of the members was omitted, or that the names of persons not members were included as parties defendant." To the same effect, see Edwards et al. v.

Tracy et al., 62 Pa. 374, 383. The words of that act are plain, and would seem to prevent inquiry on the trial as to who the actual members of a partnership were, but, of course, the plaintiff is bound to prove the fact of partnership and who the partners were as part of his case. We do not think there is any merit in the demurrer.

And now, Feb. 14, 1927, all of the defendants' causes of demurrer are over-ruled, and the defendants are directed to file an affidavit of defence within fifteen days from this date.					From Henry D. Maxwell, Easton, Pa.