# Liederkranz Singing Society, Appellant, *v.* Germania Turn-Verein.

*Actions—Parties—Unincorporated associations—Property rights.*

In cases of unincorporated associations whose membership is large, suits may be brought, either in the names of certain of the members " in behalf of themselves and all others interested " in the association, naming it, or in the name of the association by certain of its members, naming them. The former is the usual form, and preferable by reason of its established use.

Where the question of the right of possession of the property of an unincorporated association arises between its members, it must be decided by the constitution and by-laws of the association, or, in the absence of any sufficient provision therein for such a case, by the majority of the members. The general rule is that the title is joint and several, but the right of possession joint only.

Argued, May, 1894. Appeal, No. 433, Jan. T., 1894, by plaintiff, The Liederkranz Singing Society of Lancaster, Pa.,

by F. C. Ostermayer and Andrew J. Riski, of the Board of Trustees of said Society, from order of C. P. Lancaster Co., Nov. T., 1892, No. 5, refusing to take off a nonsuit in favor of defendants, Germania Turn-Verein of Lancaster, Pa., Victor Roth, Philip Stumpf and August Koehler. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Replevin to recover furniture and other personal property. Before BRUBAKER, J.

At the trial it appeared that, in 1892, the Liederkranz Society was composed of about twelve or fourteen active members and about two hundred passive members. At a meeting of the active members it was resolved by a majority to remove the headquarters of the association to a room in the hall of another singing society known as the Germania Turn-Verein of Lancaster. The defendant, Roth, who was president, and Stumpf and Koehler, thereupon moved the property of the society to the new headquarters. This suit was then brought by members of the society who opposed the change. The caption of the suit was: " The Liederkranz Singing Society of Lancaster, Pa., by F. C. Ostermayer and Andrew J. Riski, of the Board of Trustees of said Society, v. The Germania Turn-Verein of Lancaster, Pa., Victor Roth, Philip Stumpf and August Koehler." Riski's name was afterwards withdrawn.

Defendant moved for a nonsuit on the grounds :

" 1. That these people have established no legal plaintiff, have shown no right to sue. The evidence of the plaintiff here is that this was an unincorporated society in which all the members, some two hundred, had an equal interest, but the suit is brought in the name of the Liederkranz Society of Lancaster, Pennsylvania.

" 2. On the ground that the admitted testimony of the plaintiffs is that the defendants had a joint right with the plaintiffs to the possession of these goods. They have sworn that one of the defendants was president of plaintiff society, one was vice president, one was secretary and one was a trustee ; whereas, they only pretend to sue here with one trustee, who was a trustee at that time ; so that the clear right of possession is in the defendants."

The court entered a nonsuit and subsequently refused to take it off.

*Error assigned* was above order.

*B. F. Davis,* for appellants.—A suit by an unincorporated society may be brought by a board or committee for the whole body: Witman v. Lex, 17 S. & R. 88; Cousins v. Smith, 13 Vesey, Jr. 542; Sharp v. Warren, 6 Price, 131; Bromley v. Williams, 32 Beav. 177; Unangst v. Shortz, 5 Whart. 506; Phipps v. Jones, 20 Pa. 260; Cullen v. Queensberry, 1 Brown C. C. 101; Story, Eq. Pl. § 116; Ryerss v. Trustees, 33 Pa. 114; Story, Eq. Pl. § 111; Chambers v. Calhoun, 18 Pa. 13; Climenson v. Green, 2 Chester Co. R. 380; Brown v. Griffin, 13 W. N. 91.

Societies and clubs, the object of which is not to share profits, are not partnerships, nor are their members as such liable for each other's acts: Ash v. Guie, 97 Pa. 493; Schriber v. Rapp, 5 Watts, 351; Leech v. Harris, 2 Brewster, 571; Eichbaum v. Irons, 6 W. & S. 67; Club v. Simmons, 17 W. N. 153; Burt v. Lathrop, 52 Mich. 106; Lafond v. Deems, 81 N. Y. 507; Stevick on Unincorporated Associations, §§ 14, 34; Com. v. Volz, 14 W. N. 289; 2 Whart. Cr. L. § 1938; Miller v. Warden, Frew & Co., 111 Pa. 308.

Even if the parties were partners or joint owners the action would lie if right of possession was in plaintiff: Newton v. Gardner, 24 Wis. 232; Corbett v. Lewis, 53 Pa. 322; Kahle v. Sneed, 59 Pa. 388; Jackson and Gross, Landlord and Tenant, p. 396; Miller v. Warden, Frew & Co., 111 Pa. 308; Chambers v. Calhoun, 18 Pa. 14; Agnew v. Johnson, 17 Pa. 378.

*John A. Coyle* and *W. U. Hensel, J. Hay Brown* and *Wm. R. Brinton* with them, for appellee.—There was no legal plaintiff. The parties must represent themselves and all others: Stevick on Unincorporated Associations, p. 61; Paul v. Keystone Lodge, 3 W. N. 408. Suit in the name of the trustee is not sufficient: Spickman v. Stevens, 12 Johns. 401.

To recover in an action of replevin plaintiff must show he has the right to the immediate and exclusive possession of the

property in himself or against defendant in the action; and the burden of showing this is on him. He must recover on the strength of his own title, not on the weakness of his adversary's: Harlan v. Harlan, 15 Pa. 507; Lester v. McDowell, 18 Pa. 91; Reinheimer v. Hemingway, 35 Pa. 432; Mathias v. Sellers, 86 Pa. 486; R. R. v. Ellsey, 85 Pa. 283; Strauss v. Reen, 41 Leg. Int. 54; Morris on Replevin, 125; Reynolds v. McCormick, 62 Ill. 412; Wilson v. Gray, 8 Watts, 35; Burns v. Cooper, 31 Pa. 426; Heller v. Hufsmith, 102 Pa. 533.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

It is conceded that in cases of unincorporated associations whose membership is large, suits may be brought by some of the members in their own names on behalf of, or as representing all. The present action therefore would have been sustainable if brought in the name of Ostermayer and others in behalf of the members constituting The Liederkranz Society. It was brought in the name of The Liederkranz Society by Ostermayer et al. There is no substantial difference. The allowance of suits in any such form is a modification of the ordinary requirements as to parties, introduced by equity in the interest of practical convenience. "The second class is where the parties form a voluntary association for public or private purposes and those who sue or defend may fairly be presumed to represent the rights and interests of the whole. In cases of this sort the persons interested are commonly numerous, and any attempt to unite them all in the suit would be even if practicable exceedingly inconvenient." Story, Equity Pleadings, sect. 107. It is necessary that the suit should be brought on behalf of all the parties in interest, but this may as well be done in substance by using the general name which describes them all, as by the phrase "in behalf of themselves and all others interested." The latter is the usual form, and it is always better to adhere to established practice, but there being no plea in abatement here, the common interest of the parties being substantially expressed on the record, and there being individual plaintiffs responsible for costs, the case was not in position to be nonsuited for want of parties.

Unincorporated societies have long held in this state an intermediate position between corporations and partnerships.

Those for religious purposes, it is said by LOWRIE, J., in Phipps v. Jones, 20 Pa. 260, " have always, and especially since the act of 1731, been recognized as having an associate and quasi corporate existence in law." Their ownership of property is of the same intermediate character. It partakes of the qualities of both the others, the title being for many purposes joint and several like that of partners or joint tenants, while the right of possession is joint only as in corporations. Where the question of the right of present possession arises it must be decided by the constitution and by-laws of the association, or in the absence of any sufficient provision therein for such a case, by the majority. That is the real issue here. The plaintiffs claim the right to represent the association in the possession of the property sued for. If they can establish it they will be entitled to the verdict, if not they must fail.

Judgment reversed and procedendo awarded.