# F. B. Fletcher v. Gawanese Tribe, No. 281, Improved Order of Red Men, Appellants.

*Actions—Unincorporated beneficial associations—Pleading—Practice—
Equitable remedy.*

The remedy by a member of an unincorporated beneficial society against
the society for sick benefits alleged to be due and unpaid is by bill in equity
and a demurrer will be sustained in a suit brought at common law against
the society eo nomine.

Argued Oct. 13, 1898.  Appeal, No. 136, Oct. T., 1898, by
defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T.,
1897, No. 1301, in favor of plaintiff for want of a sufficient affi-
davit of defense.  Before RICE, P. J., REEDER, ORLADY, SMITH,
W. W. PORTER and W. D. PORTER, JJ.  Reversed.  SMITH, J.,
dissents.

Rule for judgment for want of a sufficient affidavit of defense.
Before the court in banc.

It appears from the record that assumpsit was brought by
a member of the Gawanese Tribe, No. 281, Improved Order
of Red Men, against the society eo nomine, and the writ was
served upon the chief of records, or secretary thereof.  The
statement set forth that the defendant is a non-incorporated
beneficial society and that under the provisions of the by-laws
thereof the plaintiff, as a member of said society, having been
sick and "unable to follow the hunt" for a long time, is entitled
to benefits therefrom from February 26, 1896 to May 12, 1897.
To this statement a demurrer was filed by William J. Dippel,
the person upon whom the writ was served, on behalf of him-
self and other members of the society, averring that the Tribe

being admitted to be an unincorporated body, an action at law would not lie against it, but that the proper remedy was by bill in equity filed against all the members thereof or a representative number of the members, naming ten such members. This demurrer was overruled by the court below and exception taken. In obedience to rule defendant then filed an affidavit of defense setting forth the same substance of defense as that set up in the demurrer and also alleging defense on the merits.

The court below entered judgment in favor of plaintiff for $204.44 for want of a sufficient affidavit of defense. Defendant appealed.

*Errors assigned* were (1) in overruling demurrer to plaintiff's statement of claim. (2) In making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*David H. Stone*, for appellants.—The suit is a nullity for want of a defendant having legal capacity and responsibility.

Apart from statute a member cannot maintain an action at law against an unincorporated association, nor can the association maintain an action against its members. At common law a suit cannot be maintained against an unincorporated body : Beach on Corporations, sec. 900.

There being no legislative action authorizing suits at law against unincorporated associations directly, the common-law rule still prevails in this state. This is shown by the recent case of McConnell v. Apollo Savings Bank, 146 Pa. 79.

Paul v. Keystone Lodge, No. 2, K. of P., 3 W. N. C. 408, in the court below, was a case similar to the one at bar.

The Act of April 28, 1876, P. L. 53, exempting members of unincorporated beneficial associations from individual liability for periodical or funeral benefits or other liabilities of the organization, concludes with the words, " but the same shall be payable out of the treasury of such associations." But, as noticed by the court in the case of McDowell v. Smith, 21 W. N. C. 558, the act does not provide a method by which the money in the treasury can be reached : Singing Society v. Turn Verein, 163 Pa. 265.

These unincorporated associations are, however, expressly brought within the supervision and control of the court, sitting

as a court of chancery, by the Act of June 16, 1836, sec. 13, P. L. 784, conferring equitable jurisdiction by bill upon the courts of common pleas, and the demurrer in this case gives the names of ten representative members of Gawanese Tribe, No. 281, Improved Order of Red Men, against whom such a bill may be filed.

The affidavit of defense which was subsequently filed in obedience to a rule granted by the court, expressly reserved the right of exception to the order of the court, overruling the demurrer, and such exception was duly filed.

*Wm. H. R. Lukens*, for appellee.—The rule that forbids one member of a partnership to sue the firm at law does not apply when a member of an unincorporated beneficial association is suing the association for benefits claimed to be due him; there is therefore no reason why this plaintiff should not sue at law: Kline v. Allen Council, D. of A., 6 North Am. Co. Rep. 17.

On the contrary, everything goes to show that an action at law is a more effective and a more expeditious remedy than a bill in equity could possibly be. This was clearly pointed out by FINLETTER, J., in Smith v. Society, 35 Leg. Int. 28, s. c. 12 Phila. 380, where the defendant society, relying upon previous dicta, claimed that the proper remedy was by mandamus.

It may also be added that an action of assumpsit was maintained to recover benefits, without any objection or intimation from the court that the form of action was improper: Hamill v. Supreme Council, 152 Pa. 537, and Dickinson v. Ancient Order United Workmen, 159 Pa. 258; and it was stated to be the opinion of the court that such an action would properly lie: Kurz v. Eggert, 9 W. N. C. 126, and Sparks v. Husted, 5 Dist. Rep. 189.

The action was properly brought against the appellants in their collective title.

At common law a beneficial association was merely a partnership and the members were therefore individually liable on all contracts entered into on behalf of the association, including those for the payment of benefits. But the Act of April 28, 1876, P. L. 53, which provides that the members of such an association shall not be individually liable for benefits or other liabilities of the organization by removing this distinctive fea-

ture, operated to change the status of the association from that
of a partnership to that of a quasi corporation with even greater
immunity on the part of its members than that allowed to the
members of a corporation in fact.

The plaintiff, having exhausted his remedy within the order,
is entitled to resort to the courts for relief: Niblack on Benefit
Societies, 216.

The case of Myers v. Fritchman,. 6 Pa. Superior Ct. 580,
upon which the counsel for the appellants chiefly relies, affords
no criterion for the decision of the case at bar. In that case
the decisions of the various tribunals of the order had been ad-
verse to the plaintiff, and he brought suit without carrying
his claim before the final tribunal, the National Council.

It must also be borne in mind that the affidavit of defense,
filed in the case at bar, does not attempt to set up any defense
on the merits, nor does it deny any material allegation of the
statement. Everything averred in the statement, therefore,
must be taken to be true: Ashman v. Weigley, 148 Pa. 61.

OPINION BY WILLIAM W. PORTER, January 18, 1899:

This suit is brought at common law by a member of an un-
incorporated beneficial society against the society eo nomine,
for sick benefits alleged to be due and unpaid.

It is objected, both by demurrer and affidavit of defense, that
the suit is improperly brought. The court below overruled
the demurrer and entered judgment for want of a sufficient
affidavit.

If the defendant were an unincorporated association other
than a so-called beneficial society, this proceeding would be
bad for want of parties defendant. The suit should have been
against all or some (representing themselves and others inter-
ested) of the members associated under the joint title. Such
bodies, while not partnerships, are in the nature thereof, and
should sue, or be sued, in the form usual in such cases. Thus,
in McConnell v. The Bank, 146 Pa. 79, it is said: " The suit
stands against the Apollo Savings Bank without anything up-
on the record to show the character of the institution or the
names of the persons comprising it, if it be a partnership or a
private banking association. If the latter, there is no defend-
ant on the record. A suit against a firm must set out the

names of the individuals composing the firm. A judgment against the Apollo Savings Bank would do the plaintiff no good if he had one."

Again, in the Singing Society v. Turn-Verein, 163 Pa. 265, where the right of possession to certain chattels was in dispute, suit was permitted to be brought by " The Liederkranz Singing Society, of Lancaster, Pa., by F. C. Ostermayer et al.," Mr. Justice MITCHELL there says : " It is necessary that the suit should be brought on behalf of all the parties interested, but this may as well be done in substance by using the general name which describes them all, as by the phrase, ' in behalf of themselves and all others interested.' The latter is the usual form, and it is always better to adhere to established practice ; but there being no plea in abatement here, the common interest of the parties being substantially expressed on the record, and there being individual plaintiffs responsible for costs, the case was not in a position to be nonsuited for want of parties."

But an unincorporated beneficial association is in a somewhat different position from other unincorporated societies, by reason of the act of April 28, 1876, which provides, " That members of lodges of the order of Odd Fellows, Knights of Pythias and other organizations paying periodical or funeral benefits, shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the lodge or other organization, but the same shall be payable only out of the treasury of such lodges or organizations. Provided, that the provisions of this act shall only apply to unincorporated associations."

This act places the organizations described in a middle-ground between quasi-partnerships and corporations. While it takes from the members a personal liability, it makes no provision for a direct means of reaching the treasury. Corporations have franchises and presumably assets, upon which judgments may be executed. But what process known to the common law can reach " the treasury " of a quasi corporation? The position of such an organization as the defendant, is anomalous. If sued at common law (even if individual members are joined as defendants), no process can issue either against the defendant or its members for the recovery of a debt judicially found to be due and payable. Again, upon whom shall original proc-

ess be served? Not upon the association, but only upon some of its members, through and by whom it alone has a legal entity. Yet it is contended that such members cannot properly be made parties to the suit.

By the act of June 16, 1836, the several courts of common pleas are given the supervision and control of unincorporated societies or associations and partnerships. This jurisdiction clearly comprehends matters relating to such organizations as the present one. Equity will reach not only a settlement of controversies, but has power and process to enforce its decrees. But the original process must be served upon members and officers of the association, who must be made parties defendant to the end, not that personal liability may be imposed or enforced, but that some person known to the law, may be within the grasp of the court through whom its decrees may be carried into effect. Thus, though the treasury alone shall respond for a debt found to be due, those in control of the treasury may be compelled to see that the treasury meets its liabilities by payment. Again, the organization has still some of the features of a partnership. Claims for benefits arise under the articles of association. The right sought to be enforced is created by the contract relation, and the dispute is between quasi-partners. Such disputes are properly cognizable only by a court of equity.

It cannot be urged (as it has been in some of the lower courts), that the common-law action is the more speedy and economical course of procedure. The converse of such a statement is the more accurate, under recent changes in the conduct of the equity business of the courts.

The plaintiff's remedy, if he has a right of action, is by bill in equity, and the demurrer should have been sustained. As this disposes of the plaintiff's present action, it is neither necessary nor proper to discuss the other matters of defense set up in the affidavit. The judgment on the demurrer is reversed, and judgment thereon is now entered for the defendant, the costs of this appeal to be paid by the appellee.

W. D. PORTER, J., concurs in the judgment.

SMITH, J., dissents.