# Maisch, Appellant, *v.* Order of Americus.

*Practice, C. P.—Assumpsit—Equity—Unincorporated association.*

An action of assumpsit will not lie against an unincorporated association. The proper remedy is by a bill in equity.

Argued May 10, 1907. Appeal, No. 192, April T., 1907, by plaintiff, from judgment of C. P., No. 1, Allegheny Co., Sept. T., 1903, No. 944, on verdict for defendant in case of Catherine F. Maisch v. Order of Americus. Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ. Affirmed.

Assumpsit on a beneficial certificate. Before BROWN, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*James T. Buchanan,* with him *George L. McCleary,* for appellant.—The action was properly brought: Phipps v. Jones, 20 Pa. 260 ; Ryers v. Presbyterian Congregation of Blossburg, 33 Pa. 114 ; Schoales v. Order of Sparta, 206 Pa. 11 ; Hamill v. Supreme Council, 152 Pa. 537 ; Dickinson v. A. O. U. W., 159 Pa. 258 ; Kurz v. Eggert, 9 W. N. C. 126 ; Sparks v. Husted,

5 Pa. Dist. Rep. 189; Kline v. Allen Council D. of A., 6. Northampton Co. Reps. 17; Com. v. Order of Vesta, 4 Dauphin Co. Rep. 233.

*J. A. Langfitt,* with him *K. E. Wilson,* for appellee.—The remedy is not at law, but in equity: McConnell v. Apollo Savings Bank, 146 Pa. 79; Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393; Luders v. Volp, 8 W. N. C. 417; Paul v. Keystone Lodge, 3 W. N. C. 408.

OPINION BY ORLADY, J., October 7, 1907:

This action of assumpsit was originally brought August 31, 1903, against the defendant as a corporation, and service of the summons was made on E. E. Robbins as the president.

On March 28, 1906, upon affidavit of the plaintiff that a mistake had been made in the name of the defendant by describing it as a corporation, the court permitted the statement of claim to be amended by adding after the name "Order of Americus," the following: "An unincorporated, fraternal, beneficial society duly organized under the laws of the commonwealth of Pennsylvania, and composed of Lee W. Squire, Edwin E. Robbins and others."

No alias summons was issued, and when the cause was tried on October 16, 1906, the defendant presented a point for charges as follows: "That under the pleadings in this case no verdict can be had against the defendant, because the remedy, if any, is by a bill in equity, and not by an action of assumpsit," which was affirmed by the court, and a verdict directed for the defendant under authority of Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393. The decision of this court in that case controls us in this one and the judgment is affirmed.

HENDERSON, J., dissents.