# Maisch, Appellant, *v.* Order of Americus.

*Practice, C. P. — Parties — Unincorporated beneficial association — Amendment.*

1. An unincorporated beneficial association, may not be sued in assumpsit in its collective capacity or name, for an obligation of the organization.

2. Where such an association is sued as a corporation, the record cannot be amended by adding the words, "an unincorporated fraternal beneficial society duly organized under the laws of the Commonwealth of Pennslyvania, and composed of A. B. and others."

3. The proper method of suing such an association is to institute a suit in equity against some of the members as representing themselves and all others having the same interest, and after judgment, to compel the defendants to see that the treasury of the association pays the claim.

Argued Oct. 27, 1908. Appeal, No. 21, Oct. T., 1908, by plaintiff, from judgment of Superior Court, April T., 1907, No. 192, affirming judgment of C. P. No. 1, Allegheny Co.,

Sept. T., 1903, No. 944, on verdict for defendant in case of Catherine F. Maisch v. Order of Americus, an unincorporated fraternal beneficial society duly organized under the laws of the Commonwealth of Pennsylvania and composed of Lee W. Squier, Edwin E. Robbins and others. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court. See 34 Pa. Superior Ct. 436. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Jas. T. Buchanan* and *George L. McCleary*, for appellant.

*J. A. Langfitt*, with him *Karl E. Wilson* and *H. W. McIntosh*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1909 :

The plaintiff in this case entered suit against the Order of Americus as a corporation. Learning subsequently that there was no such corporation in existence, she obtained leave to amend the statement so as to describe the defendant as " an unincorporated fraternal beneficial society duly organized under the laws of the Commonwealth of Pennsylvania, and composed of Lee W. Squier, Edwin E. Robbins and others." No process was issued, however, to bring in the persons named as parties to the suit. The amendment was improperly allowed. There was no such legal entity as " Order of Americus," and therefore no party defendant, no case before the court, and nothing to amend. But even if full effect were given to the effort to amend, nothing would be really accomplished, for it would only substitute for the name of the supposed corporation, that of an unincorpoated association, in its collective capacity and name ; and such an association is not recognized as having a legal existence apart from its members, and it could not therefore be made a party defendant. There is no such entity known to the law as an unincorporated association. The legislature may, undoubtedly, impose upon unincorporated associations a liability to be sued in a collective name, but that

has not been done in Pennsylvania.   Prior to the Act of April 28, 1876, P. L. 53, the members of an unincorporated beneficial association were liable individually for the payment of the obligations of the organization.   But since then, they have been individually exempt from all such liability, and payment can be enforced only against the treasury of such an organization.

A plain remedy remains, however, in the courts of equity, in which suit may be brought against some of the members of an unincorporated association, as representing themselves, and all others having the same interest.   In this way, as pointed out in Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393, " though the treasury alone shall respond for a debt found to be due, those in control of the treasury may be compelled to see that the treasury meets its liabilities by payment."

We agree with counsel for the appellee in their contention that the defendant was not properly brought into court, and that as the statutory law of Pennsylvania now stands, an unincorporated beneficial association may not be sued in assumpsit in its collective capacity or name, for an obligation of the organization.

The assignments of error are overruled, and the judgment of the Superior Court is affirmed.