# Wolfe, Appellant, v. Limestone Council No. 373.

*Beneficial associations—Suits against—Equity—Unincorporated association—Parties.*

1. The proper method of suing an unincorporated beneficial association is to institute a suit in equity against some of the members as representing themselves and all others having the same interest, and after judgment, to compel the defendants to see that the treasury of the association pays the claim.

2. Under the Act of April 28, 1876, P. L. 53, "relieving members of beneficial societies from individual liability for lodge indebtedness," and providing that "members shall not be individually liable for the payment of periodical or funeral benefits, or other liabilities of the association, and the same shall be payable out of the treasury," the words "other liabilities" mean all liabilities properly chargeable to the treasury of the society and contemplate obligations in addition to funeral expenses or death benefits.

3. Where a suit is brought to protect property rights of a beneficial association, and the legal estate in the property taken or injured is vested by the laws of the association in trustees whose duty it is not only to hold the title, but take charge of the property, the suit should be brought in the name of such trustees.

4. The revocation of a charter of a subordinate body of a beneficial association by the supreme body does not have the effect of vesting in the supreme body the property of the subordinate body, and if the supreme body, after the revocation, reissues the charter to certain of the members only of the subordinate body, it does not give them any right of possession of the property peculiar to themselves and apart from the other members of the subordinate body.

Argued Oct 4, 1911. Appeal, No. 93, Oct. T., 1911, by plaintiff, from order of C. P. Armstrong Co., Dec. T., 1909, No. 56, refusing to take off nonsuit in case of Dwight Wolfe et al. Limestone Council No. 373, Junior Order United American Mechanics v. Limestone Council No. 373, Order Independent Americans, B. C. Bonner et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass quare clausum fregit et de bonis asportatis by several individuals "in their own behalf and on behalf of all other members of Limestone Council No. 373, Junior Order of United American Mechanics as may hereafter choose to become plaintiffs," against Limestone Council No. 373, Order of Independent Americans, and seven individuals, named as "members of said council." Before PATTON, J.

The statement of claim avers that the plaintiff council is an unincorporated beneficial association and that Bouch, Wolfe, and French, are its qualified and acting trustees; that the association was organized November 25, 1889, under a charter from the state council of the Junior Order of the United American Mechanics, and so continued until the latter part of 1904; that on December 30, 1904, the charter of said council was suspended by the state council, from which time the plaintiff council continued under its old by-laws until September 16, 1907, when its charter was reinstated; that on April 15, 1909, and for a long time prior thereto, the plaintiffs were the owners of a certain lot and messuage situate in Washington Township, Washington County, Pa. (describing it), "being the real estate of said Council," and that they still are the owners of the same; that the property in question was conveyed by deed to the trustees of said defendant council, and had erected thereon a frame building for the use of the council, together with "full and complete furnishings, paraphernalia, books, utensils, etc., all the property of the plaintiffs, stored and kept in use by the

plaintiffs in said lodge room." That on or about April 21, 1909, the defendants, with force and arms, and without the consent of the plaintiffs, broke and entered the close of the plaintiffs, and tore down, demolished and carried away the frame building erected thereon, said building being of the value of $1,000, and did take, carry away, destroy, consume or appropriate to their own use the aforesaid furniture and personal property of the plaintiffs to the value of $632.50; that the individuals named as defendants were members of the defendant council, and that said council was an unincorporated beneficial society under the laws of Pennsylvania. An amendment to the statement avers: "That the plaintiffs so owning said lot of ground, lodge building and property aforesaid were in lawful joint possession of the same with the defendants or some of them up until the month of September, 1907, when . . . . the defendants did unlawfully . . . . break into and enter the plaintiffs' close."

The admissions and proofs show the following state of facts: That in 1889 a local lodge of the Junior Order of United American Mechanics was organized as a beneficial society under the title of Limestone Council, No. 373; that in 1901 dissensions caused a split in the order, and the lodge in question adhered to the insurgent faction and existed as a local council without affiliation with any regular state organization until August 16, 1902, when it became duly affiliated with the state council of the insurgent branch; that charges were preferred by the regular branch, and on December 28, 1904, the charter of the local council was declared forfeited and taken from it by order of the regular state council; that on December 30, 1904, the local council, at a regular meeting and on motion of one of the individual plaintiffs in this case, affiliated itself with the Order of Independent Americans,—that being the name adopted by what had formerly been the insurgent branch of the Junior Order of United American Mechanics; that the local council has since continued its regular

work, and through all these changes has maintained its organization as a beneficial society and retained its property for the same social and charitable purposes for which it had been originally acquired; that in the spring of 1907 some eight or nine of its members, of the plaintiffs in this case, made an application to the state council of the Junior Order of United American Mechanics for the reinstatement of the old charter under which the local council had originally operated, and that upon this application the old charter was reissued through a communication dated September 14, 1907; that the men who secured the reissue of the old charter met in the regular lodge room of the local council two or three times in August or September of 1907, but when they attempted to hold another meeting the door was locked and they were refused admittance; that they do not appear to have regularly organized under the restored charter until early in the year 1908; that subsequently the lodge hall was torn down, the material which entered into its construction was moved away and erected on another site, and the personal property of the local council was taken to the new structure; that at different times several of the individuals named as defendants and others were seen taking away the old building and property; that on April 17, 1909, the defendant council passed a resolution instructing the employment of a foreman to oversee the work of tearing down and removing the hall, and that it paid certain orders for the work of removal and reconstruction of the same on the new site; that no application by resolution, or through the regular officials of the local council as it had continued its organization, was ever made to the state council of the Junior Order of United American Mechanics for a reinstatement of the old charter.

The court below entered a nonsuit, holding that under the pleadings and the evidence the individual defendants could not be held liable, stating, ''so far as they are concerned as individuals, no joint trespass has been proven against them, at most separate trespasses have been

proven against some of them, but no amount of damages has been proven against any particular one;" further holding that, in the action as brought, no judgment could be given against the defendant council and that "the sole remedy against an unincorporated beneficial association is by bill in equity." The court further held that the plaintiffs could not maintain the action, since by their own pleadings they showed the existence of trustees for the property claimed by them, saying, "Where the legal right is vested in a trustee all actions at law that affect the trust should be brought in his name." Finally, the court called attention to the fact that the amendment was a departure from the original statement, in that it averred a joint legal possession between the plaintiffs and the defendants up to the time of the alleged barring out of the latter in 1907, and in this connection said: "If . . . . the defendants ousted the plaintiffs from the possession of the real and personal property, then their measure of damages would be what they were deprived of from the time they were ousted . . . . until the time of the bringing of the suit, and would not be the full value of the real and personal property." A motion to take off the nonsuit was refused and the plaintiffs have appealed.

*Error assigned* was refusal to take off nonsuit, and reasons given therefor as indicated in the opinion of the Supreme Court.

*R. A. McCullough,* with him *H. N. Snyder,* for appellant.

*W. L. Peart,* with him *H. A. Heilman,* for appellees.

Per Curiam, January 2, 1912:

An examination of this record satisfies us that the court below was right in holding that no joint trespass was shown to have been committed by the several defendants. The unincorporated association named as a

defendant is not a person natural or artificial and could not properly be sued as such: Ash v. Guie, 97 Pa. 493. "The proper method of suing such an association is to institute a suit in equity against some of the members as representing themselves and all others having the same interest, and after judgment, to compel the defendants to see that the treasury of the association pays the claim:" Maisch v. Order of Americus, 223 Pa. 199; Fletcher v. Gawanese Tribe, No. 281, 9 Pa. Superior Ct. 393.

The Act of April 28, 1876, P. L. 53, "Relieving members of beneficial societies from individual liability for lodge indebtedness," when it provides that "members shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the association, and the same shall be payable out of the treasury," by the words "other liabilities," means all liabilities properly chargeable to the treasury of the society, and contemplates obligations in addition to funeral expenses or death benefits: Pain et al. v. Sample, 158 Pa. 428.    If the defendant association were liable for appropriating the property of the plaintiffs to its own use, its treasury and not the funds of the individual members would have to respond in damages.    But it is clear on the facts in this case that there was no such liability.    When the forfeiture of the charter was declared the state council of the Junior Order of United American Mechanics did not take over the property of the defendant council, and the reissue of the charter to the plaintiffs, after a lapse of more than six years, would not serve to vest in them, or in the lodge organized by them, the property in question; nor would it give them any peculiar right of possession therein. The plaintiffs had no right of possession other than the joint right which they enjoyed in common with the other members of the defendant council, and their secession therefrom would not divest its property: State Council Junior Order of United American Mechanics v. Emery, 219 Pa. 461.

The other ground for entering the nonsuit, namely,

because the action was not brought in the name of the trustees of the plaintiffs' association, likewise seems to be well taken.   The laws of the order to which that society belongs ordain that the trustees of a local lodge shall "take charge of and hold all the property of the Council not otherwise provided for."   This evidently contemplates more than a mere passive trust.   "In cases of unincorporated associations . . . . suits may be brought by some of the members in their own names on behalf of and as representing all:" Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265; but, where the suit is to protect property rights, and the legal estate in the property taken or injured is vested in trustees whose duty it is not only to hold the title but to take charge of the property, the action should be brought in the name of such trustees.

The assignments are overruled and the judgment is affirmed.