## Gottselig, Appellant, *v.* Cigarmakers International Union of America.

*Beneficial societies — Unincorporated associations — Actions against—Assumpsit—Bill in equity.*

An action of assumpsit will not lie against an unincorporated beneficial association, where the plaintiff's decedent had been a member of the society for thirty years, although the constitution provided for death benefits to its members, but no policy or certificate of insurance had been issued. Having based her right to recover solely upon the fact that her husband was a member of the association at the time of his death, assumpsit was not the correct way to enforce her claim. The proper method of suing such an association was to institute a suit in equity against some of the members, as representing themselves and all others having the same interest and, after judgment, to compel the defendants to see that the treasury of the association pay the claim.

274 GOTTSELIG *v.* CIGARMAKERS I. U. OF AMERICA.

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct.

Argued November 10, 1920. Appeal, No. 311, Oct. T., 1920, by plaintiff, from judgment of C. P. Lancaster County, Jan. T., 1919, No. 90, sustaining demurrer in the case of Florence Gottselig v. Cigarmakers International Union of America, No. 257, Daniel McGeever, President, Jacob L. Click, Financial Secretary and Treasurer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover benefits which it was alleged vested in the plaintiff, upon the death of her husband who was a member of a beneficial society. Before HASS-LER, J.

The facts are stated in the opinion of the Superior Court.

On demurrer the plaintiff's statement, the court sustained the demurrer and entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*B. F. Davis,* for appellant, cited: Liederkranz Singing Society v. German Turn Verein, 163 Pa. 265; Ash v. Guie, 97 Pa. 493; Schriber v. Rapp, 5 Watts 351; Leech v. Harrise, 2 Brewster 571; Dobson v. Hall et al., 30 W. N. S. 305; Kurz v. Eggert et al., 9 W. N. C. 126; Solis v. Blank, 199 Pa. 600; Hamill v. Royal Arcanum, 152 Pa. 537.

*K. L. Shirk,* and with him *John A. Coyle,* for appellee, cited: Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393; Sharrow v. Yohoghany Lodge et al., 8 D. R. 616; Maisch v. Order of Americus, 223 Pa. 199; Wolf v. Limestone Council, 233 Pa. 357; Liederkranz Singing Society v. German Turn Verein, 163 Pa. 265.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff brought this action of assumpsit and filed a statement averring that she was the widow of

Otto Gottselig, who died on October 23, 1918; that her husband had been a member in good standing of the defendant organization for thirty years previous to his death and that she thereupon became entitled to receive from the defendant association, under the death benefit clause of its constitution, the sum of $50, funeral expenses, and $550, death benefits. There was filed on behalf of the defendant an affidavit raising a question of law, as provided by the Practice Act of May 14, 1915, P. L. 483, sections 4 and 20, and praying that judgment be entered in its favor upon the question of law thus raised. The question of law raised by the affidavit of defense was, can the plaintiff recover in an action of assumpsit against the defendant, an unincorporated beneficial association, upon the grounds alleged in her statement of claim? The court below entered judgment in favor of the defendant and the plaintiff appeals.

The plaintiff founds her right to recover upon the provisions of the constitution of the defendant, an unincorporated beneficial association. The defendant had not issued any policy nor written contract, covenanting to pay money to this plaintiff. She founds her right to recover solely upon the allegation that because her husband was a member of the association at the time of his death, the right to receive benefits accrued to his widow. The manner in which the rights of this plaintiff, if any she has, are to be enforced against this unincorporated beneficial association has been so distinctly determined in this State that further discussion seems unnecessary. "The proper method of suing such an association is to institute a suit in equity against some of the members, as representing themselves and all others having the same interest, and after judgment, to compel the defendants to see that the treasury of the association pays the claim": Maisch v. Order of Americus, 223 Pa. 199; Fletcher v. Gawanese Tribe, No. 281, 9 Pa. Superior Ct. 393; Wolfe v. Limestone Council, 233 Pa. 362. The court below properly held that the

plaintiff was not entitled to recover in the present form of action.

The judgment is affirmed.