## Allied Printing Trades Council v. Telegraph Printing Co.

*Practice, C. P.—Equity—Equity rules—Pleas in abatement and in bar—Parties—Unincorporated association—Suit to restrain use of trade-mark—Acts of May 21, 1895, and May 2, 1901.*

1. Pleas in abatement and pleas in bar are still recognized by the equity rules. A plea in bar that questions the jurisdiction of the court to entertain and further proceed with a bill filed by an unincorporated association in its own name is a proper plea.

2. An association of individuals, having no legal entity, could not at common law sue by its own name, and an action brought by such association was necessarily brought in the name of all the individual members. In some states, the right to sue in the name of the association has been provided by statute. In others, where there is no statutory provision, a modification of the common law rule has been introduced by equity in the interest of practical convenience, and it is now generally recognized that an action may be brought by one or more of the members of an unincorporated association for the benefit of all. This is the general rule, and obtains in Pennsylvania.

3. When the legislature, by the Act of May 2, 1901, P. L. 114, amending the Act of May 21, 1895, P. L. 95, gave the right to "any association or union having registered its trade-mark" to "proceed before any court having competent jurisdiction to restrain and enjoin" the use of registered labels, it meant to give them the right to proceed in the way provided by law, and it did not intend to change the practice in such proceedings for associations or unions of workingmen only who had adopted and registered a trade-mark, label or symbol; nor did it intend thereby to provide that such associations should be legal entities responsible for costs and against whom, *qua* associations, decrees of the court could be enforced.

4. A suit brought in the name of an unincorporated union to restrain the use of a trade-mark, label or symbol will be dismissed upon a plea in bar.

Bill in equity, plea in bar and motion to dismiss. C. P. Dauphin Co., Equity Docket, No. 761.

*Michael E. Stroup,* for plaintiff; *John R. Geyer,* for defendant.

HARGEST, P. J., March 12, 1924.—The Allied Printing Trades Council of Harrisburg, Pennsylvania, *eo nomine,* and without the joinder of any officer or members, as parties plaintiff, brought its bill in equity against the defendant. The plaintiff avers that it is an unincorporated association and seeks to restrain the defendant from using a trade-mark, label or symbol adopted by the International Allied Printing Trades Association, pursuant to the provisions of the Act of Assembly of May 21, 1895, P. L. 95, alleging that the said International Allied Printing Trades Association had given to the plaintiff the exclusive right and privilege to grant to others the right to use said trade label within the County of Dauphin.

The defendant filed a motion to dismiss said bill and also a special plea in bar.

The equity rules, while providing that all defences in equity may be made by answer or demurrer, repeatedly refer to "other pleadings." Rule 37 provides: "The defendant shall be entitled in all cases, by answer, to insist upon all matters of defence in law (not being matters of abatement, or to the character of the parties, or of matters of form), to the merits of the bill, of which he may be entitled to avail himself by demurrer or plea in bar."

It appears, therefore, that pleas in abatement and in bar are still recognized by the equity rules. The plea in this case questions the jurisdiction of the court to entertain and further proceed with the bill filed by an unincorporated association in its own name as the party plaintiff.

We think it is the proper plea, and, therefore, will dispose of the case upon it and not upon the motion to dismiss.

An association of individuals, having no legal entity, could not, at common law, sue by its own name, and an action brought by such association was necessarily brought in the name of all the individual members: 4 Cyc., 312; 25 Ruling Case Law, 72; 5 Corpus Juris, 1365. In some states the right to sue in the name of the association has been provided by statute. In other states, where there is no such statutory provision, a modification of the common law rule has been introduced by equity in the interest of a practical convenience, and it is now generally recognized that an action may be brought by one or more of the members of an unincorporated association for the benefit of all, where the members have a common or general interest in the subject-matter of the suit, or where the members are numerous and it is impracticable to bring them before the court. This is the general rule: 5 Corpus Juris, 1367; 4 Cyc., 312; 25 Ruling Case Law, 74; Pickett v. Walsh, 192 Mass. 572, 78 N. E. Repr. 753; American Federation of Labor v. Buck's Stove and Range Co., 219 U. S. 581; Reynolds v. Davis, 198 Mass. 294, 84 N. E. Repr. 457; St. Paul Typothetæ v. St. Paul Book Binders' Union, 94 Minn. 351, 3 Am. & Eng. Ann. Cas., 695. See other cases, 3 Am. Dig. (2nd Dec. Ed.), "Associations," § 20.

This general rule of representation was early adopted in Pennsylvania: Hill v. Commissioners, 1 Par. 501, 514.

In Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393, 396, the court said: "The suit should have been against all or some (representing themselves and others interested) of the members associated under the joint title. Such bodies, while not partnerships, are in the nature thereof, and should sue or be sued in the form usual in such cases."

The principle is well stated in Klein v. Rand, 35 Pa. Superior Ct. 263, 267: "It is a well established rule that in case of unincorporated associations, having a large membership, actions may be brought by some of the members in their own names in behalf of all. This modification of the usual requirement as to necessary parties is an equitable exception suggested by convenience. Where the number of members is very large, it would be, if not impracticable, very inconvenient and certainly unnecessary to include all their names as parties when the right of action exists in the association and when individuals are named who may be liable for costs. Where the action is brought for all the parties in interest, the requirement of the law is met by the use of some of the individuals composing the organization:" Maisch v. Order of Americus, 223 Pa. 199, 34 Pa. Superior Ct. 436; Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265; Gottselig v. Cigarmakers' I. U. of America, 76 Pa. Superior Ct. 273; Taylor v. Order of Sparta, 254 Pa. 556; Wolfe v. Limestone Council, 233 Pa. 357.

There is no case to the contrary. Even though the suit be brought by members representing the society, it must be in equity and not at law, unless there is some statute specifically providing for actions at law: Maisch v. Order of Americus, 223 Pa. 199, 34 Pa. Superior Ct. 436. One of the reasons given by the courts for requiring individual members representing all to be parties plaintiff or defendant is that the association, not being a legal entity, is not liable for costs: Klein v. Rand, 35 Pa. Superior Ct. 263; Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265.

It is argued that the 4th section of the Act of May 21, 1895, P. L. 95, as amended by the Act of May 2, 1901, P. L. 114, gives the right to this plaintiff to sue in this case in its own name. That act provides: "Any association or union having registered its trade-mark, label, symbol, or private stamp as provided by this act, may proceed before any court having competent juris-

diction to restrain and enjoin . . . the continued or longer use of any original or *bona fide* trade-mark, label, symbol or private stamp by any person or persons who may have secured the same unauthorized by the association or union to which it belongs, or whose right, license or authority to use the same has been rescinded or revoked by the association or union owning or controlling the same in whole or in part, as hereinbefore provided."

There are several reasons why the plaintiff's position is not tenable. The statute gives the right to restrain and enjoin the use of any label to "any association or union having registered its trade-mark, label, symbol or private stamp." This plaintiff did not register the label. It was registered by the International Allied Printing Trades Association, as averred by paragraph seven of the bill of complaint. The plaintiff has only the exclusive right to grant the right to use it in the County of Dauphin.

In Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393, 397, it was argued that the Act of April 28, 1876, P. L. 53, exempting members of unincorporated beneficial associations from individual liability for periodical or funeral benefits or other liabilities of the organization, operated to change the status of such an association so that it could be sued. The Superior Court, however, pointed out that no such effect could be given to the Act of 1876, and that it did not have the effect of permitting beneficial associations to be sued as legal entities. It also pointed out that the Equity Act of June 16, 1836, P. L. 784, which gave the Courts of Common Pleas supervision and control over unincorporated associations and partnerships, could not have such effect, because the original process must be served upon the members or officers, not only for the purpose of imposing or enforcing personal liability, "but that some person known to the law may be within the grasp of the court through whom its decrees may be carried into effect." See, also, as to the effect of the Act of 1876, Maisch v. Order of Americus, 223 Pa. 199, and Wolfe v. Limestone Council, 233 Pa. 357, 362.

We are, therefore, of opinion that when the legislature, by the Act of May 2, 1901, P. L. 114, amending the Act of May 21, 1895, P. L. 95, gave the right to "any association or union having registered its trade-mark to proceed before any court having competent jurisdiction to restrain and enjoin the use of registered labels," it meant to give them the right to proceed in the way provided by law, and it did not intend to change the practice in such proceedings for associations or unions for workingmen only who had adopted and registered a trade-mark, label or symbol; nor did it intend to thereby provide that such associations could be legal entities responsible for costs and against whom, *qua* associations, decrees of the court could be enforced.

If such construction were put upon the Act of 1895, it would make the act clearly unconstitutional. The title to that act is: "An act to provide for the adoption of trade-marks, labels, symbols or private stamps by any incorporated or unincorporated association or union of workingmen, and to regulate the same." "The title of an act is a part of the act and must be considered in determining its scope:" Matis v. Schaeffer, 270 Pa. 141. The act, therefore, provides for the adoption and the regulation of trade-marks and symbols. There is no suggestion or intimation that procedure in the courts is changed or that a class of unincorporated associations are to be regarded as legal entities and given the right to sue, which right is denied to other unincorporated associations. The title to the act does not express any such purpose, and if such construction were to be placed upon section 4, it would be clearly unconstitutional, as violating section 3, article III, of the Constitution

of Pennsylvania, which provides that the subject of an act must be "clearly expressed in its title."

Such construction would make that section of the act unconstitutional in another respect. Section 7 of article III of the Constitution provides that "the general assembly shall not pass any local or special law regulating the practice or jurisdiction of . . . courts." It would be difficult to find any substantial basis for a classification which would give the right to sue to those unincorporated associations only which were associations and unions of workingmen who had adopted and registered a trade-mark or label. The right is not pretended to be given to all associations and unions of working-men, but only to those who register a trade-mark or label. Unless such limited classification could be sustained, the act would be offensive as special legislation regulating the practice and jurisdiction of the courts, and, therefore, in violation of this section of the Constitution: Collins v. Com., 262 Pa. 572; Souder v. Com., 23 Dauphin Co. Reps. 54. For these reasons, this bill brought by and in the name of the plaintiff, an unincorporated association, cannot be sustained.

### Decree.

And now, March 12, 1924, the motion to dismiss the bill is hereby dismissed. The plea at bar is hereby sustained and the bill of complaint of the Allied Printing Trades Council of Harrisburg v. The Telegraph Printing Company is hereby dismissed, at the cost of the plaintiff. Exception to plaintiff.

From Sidney E. Friedman, Harrisburg, Pa.