## Hocker et al. v. Thomson, Secretary, etc.

96

*John H. Bream*, for plaintiffs.

*John Y. Scott*, for defendant.

NEELY, J., November 23, 1953.—This is an action in equity in which plaintiffs as individuals and representatives of the Pennsylvania State Association of Township Supervisors pray that defendant as secretary of that association be enjoined·from expending funds from the State association's treasury; that he be ordered to produce certain records and correspondence; that he be ordered to cease and desist from conducting his personal business from the association's office; that he render an accounting, and that he supply plaintiffs with a copy of the original bylaws. There is a prayer for general equitable relief.

Plaintiffs allege that they are duly elected supervisors as follows, to wit: John H. Hocker in Upper Mifflin Township, Cumberland County; Gideon T. Williammee in Pine Township, Lycoming County, and Charles P. Heist in Center Township, Butler County. It is averred in the complaint that they are members of the State association; that there are approximately 4,500 supervisors in the association, and that they represent the association in bringing this action.

To the complaint defendant has filed preliminary objections and two of·these objections were pressed at the argument: (1) That under article VI(*b*) of The Second Class Township Code, of July 10, 1947, P. L. 1481, as amended, 53 PS §19093-610 et seq., second class townships and not the individual supervisors thereof are constituted the members of the State

Association, and that plaintiffs, therefore, lack the capacity to sue; (2) that plaintiffs seek relief against the Pennsylvania Association of Township Supervisors, and that association is an indispensable party defendant.

Defendant contends that plaintiffs have no right to sue in a representative capacity. And because of the language in section 610 of the Act of July 10, 1947, supra, providing for the payment of dues "by the member townships", defendant asserts that the townships are the proper members of the association and that the supervisors are not members of the association; and that, therefore, these three plaintiffs could not as a matter of law be members of the State association, as alleged in the complaint, and accordingly lack capacity to sue. In other words, defendant contends that the use of the term "member townships" in section 610 precludes the supervisors from being members of the State association. We do not so construe section 610 of the Act of 1947, because we feel that such construction would be contrary to the express language of the statute.

Article VI of the Act of 1947 relates to "State and County Associations of Township Officers." Sections 601 to 604 inclusive, subdivision A of article VI, 53 PS §19093-601 to 604, relates to county associations composed of township supervisors, auditors, assessors and tax collectors. It is provided therein that such county associations "may be formed." Subdivision B of article VI, sections 610 to 614, 53 PS §19093-610 to 614, provides for a "State Association of Township Supervisors."

Section 610 provides that "the formation of a State Association of Township Supervisors is hereby authorized." Section 611 relates to the election of delegates by the county association to the annual meeting of the State Association of Township Supervisors—one

delegate for each 10 townships or fraction thereof. Section 612 provides for the payment of expenses and mileage of the delegates to the annual meeting. Section 613 makes provision for the payment of expenses of the annual meeting by the county associations, and section 614 provides that the county commissioners shall require the county treasurer to reimburse the county association for these expenditures.

Section 610 reads as follows:

"The formation of a State Association of Township Supervisors is hereby authorized. The association shall hold annual meetings, at such time and place within the Commonwealth as it may designate, for the purpose of discussing various questions and subjects pertaining to the duties of township supervisors, and for the purpose of devising uniform, economical and efficient methods of administering the affairs of townships. All dues assessed by the association, which shall not exceed twenty dollars per year per township, *shall be paid by the member townships from their general township funds.*" (Italics supplied)

It is clear that the language used throughout article VI relates to State and county associations of the designated township officers. To hold that section 610 provides for a State association of the townships and not a State association of township supervisors would be to disregard the plainly expressed language in the first sentence of that section above quoted wherein such State association of township supervisors is expressly authorized. Where the language of a statute is clear and free from ambiguity, the act must be given its plain meaning and no construction is permitted to distort that meaning: Marson v. Philadelphia et al., 342 Pa. 369 (1941); Yellow Cab Company of Philadelphia v. Unemployment Compensation Board of Review, 170 Pa. Superior Ct. 625, 631 (1952); Statutory

Construction Act of May 28, 1937, P. L. 1019, art. IV, section 51, 46 PS 551.

We think the clearly expressed intent of article VI is to provide for the establishment of associations of the designated State and county officials. Taking into consideration the plain meaning of the language used in section 610 authorizing the formation of an association of supervisors, we feel that we have no right to distort that language to construe such authorization to mean an association of townships,[1] so as to preclude supervisors from being members of the State association. It is our view, then, that supervisors under the law may be members of the State association and that these plaintiffs accordingly are eligible for such membership.

This construction on our part may render doubtful in its meaning the term "member townships." "Under the doctrine of noscitur a sociis the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it": Ford Motor Company v. Unemployment Compensation Board, 168 Pa. Superior Ct. 446 (1951). As stated by the Superior Court in that case, "thus, the word is known by the company it keeps." See also 28 Words and Phrases 766.

Viewing the words "member townships" in the light of the other words with which they are associated in article VI of the Act of 1947, we think the words as used in section 610 relate to the duties of townships to pay the dues of their supervisors who have become members of the State association. We do not sustain, therefore, defendant's contention that plaintiffs are precluded from membership in the State association because the townships are members thereof. On the

---

[1] Townships are quasi-corporations: Trevorton Water Supply Co. v. Zerbe Township, 259 Pa. 31 (1917); Commonwealth v. Pugh et al., 39 D. & C. 98 (1940).

100

contrary, we believe that plaintiffs were eligible for membership in that association under the language of the act of assembly.

Plaintiffs sued as individuals and in a representative capacity on behalf of the State association. Under the practice existing prior to the Rules of Civil Procedure, an unincorporated association could not bring an action at law in its own name, but only in the names of certain of its members on behalf of themselves and of others interested in the association or in the name of the association by certain of its members: Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265 (1894) ; Hasinger et al. v. New York Central Mutual Fire Insurance Company, 117 Pa. Superior Ct. 475 (1935) ; Klein v. Rand, 35 Pa. Superior Ct. 263 (1908). See also Firemen's Pension Fund etc. v. Minnaugh, etc. et al., 80 D. & C. 297 (1951). However, in Pa. R. C. P. 2152, with respect to unincorporated associations, it is provided that:

"An action prosecuted by an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for such association."

Plaintiffs would have the right to sue in a representative capacity as trustees ad litem for the State association, provided, however, it would appear that such association is unincorporated. It cannot be determined from the pleadings whether plaintiffs have that right because there is no allegation in the complaint that the association is an unincorporated association within the meaning of Pa. R. C. P. 2152. The complaint is defective in failing to aver the essential facts showing that the State association is unincorporated. An opportunity should be granted to plaintiffs to amend their complaint, if they can do so, to set forth the essential facts concerning the status of this association. In the event that plaintiffs by amendment aver the association to be unincorporated, then

of course it will be necessary also for plaintiffs to amend the caption of their case to conform to Pa. R. C. P. 2152.

Defendant contends that the Pennsylvania State Association of Township Supervisors is an indispensable party, and that plaintiffs' case is defective in failing to join that association as a party defendant. Defendant cites, inter alia, Commonwealth ex rel. Shumaker et al. v. New York & Pennsylvania Company, Inc., et al., 367 Pa. 40 (1951) ; Fineman v. Cutler et ux., 273 Pa. 189 (1922) ; Hartley v. Langkamp and Elder, 243 Pa. 550, 555 (1914).

This action is brought by plaintiffs in a representative capacity to enforce the claims of the association against its secretary. We have not considered the adequacy of the complaint because that question has not been raised by the preliminary objections. We have before us for consideration only the question of the capacity of plaintiffs to sue and the joinder of the State association as a party defendant. Obviously, the State association could not be a party defendant to an action brought on its behalf to enforce its rights against the secretary. The association could not be plaintiff and defendant in the same litigation. We, therefore, cannot sustain defendant's preliminary objection that there has been a nonjoinder of an indispensable party defendant.

In view of the foregoing, the first preliminary objection that plaintiffs lacked capacity to bring this suit must be sustained, for the reason that their capacity is not apparent on the face of the complaint, and leave is granted to plaintiffs to amend their complaint in accordance with this opinion within 20 days. The second preliminary objection to the effect that the Pennsylvania State Association of Township Supervisors is an indispensable party defendant must be overruled. And accordingly we make the following

*Order*

And now, November 23, 1953, the first preliminary objection is herewith sustained, with leave to plaintiffs to amend within 20 days, and the second preliminary objection is herewith overruled.