## Liapis Estate

*Matthews & Matheny*, for accountant.

*Kenneth M. McLure*, for claimant.

BRAHAM, P. J., February 10, 1954.—Two paragraphs of the will of Triafon Liapis, deceased, occasion difficulty. In paragraph 2 of the will he provides:

"Second: I give, devise and bequeath to the Socialist-Labor Party of the United States of America the sum of One Thousand ($1,000.00) Dollars".

Second, in paragraph 4 of the will he provides:

"Fourth: All of the rest, residue and remainder of my estate of whatsoever kine and wheresoever situate, I give, devise and bequeath to the Jameson Memorial Hospital of the City of New Castle, Pennsylvania and the New Castle Hospital of the City of New Castle, Pennsylvania, equally, share and share alike".

As to the fourth paragraph the law is unfortunately very clear. Paragraph 7 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7(1), provides as follows:

"Any bequest or devise for religious or charitable purposes included in a will or codicil executed within thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid. The thirty-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death".

Decedent died on November 7, 1952. The will was dated November 3, 1952. Obviously it was made within the 30-day period. The bequests to the two hospitals, however meritorious, must therefore fall.

The real point of difficulty arises from a construction of the bequest to the Socialist-Labor Party.

Is a gift to a political party a gift for "religious or charitable purposes"? Obviously it is not a religious gift. Gifts to charity have been often considered by our courts. The definition most often employed by our judges is one borrowed from Justice Gray of Massachusetts in Jackson v. Phillips, 14 Allen 556, cited in Fire Insurance Patrol v. Boyd, 120 Pa. 624, 645, as follows:

"A charity, in legal sense, may be more fully defined as a gift to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assist-

ing them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government".

Because of their beneficent purposes charitable trusts are favorites of the law. They enjoy, among other advantages, the possibility of perpetuity. However, the law, distrusting importunity of dying persons for religious and charitable purposes, establishes the period of 30 days before death within which a gift for religious or charitable purposes may not be made. By deciding whether the gift to the Socialist-Labor Party is a charitable gift we decide whether the 30-day limitation applies.

A gift to a political party as such is not a charitable gift. While this has not been authoritatively stated by the appellate courts of this State it is believed to be a sound assertion. The reason is obvious. To allow the establishment of a permanent trust for a political party would be to assume for it a perpetual character which political parties have not had in our history and perhaps should not have. It is in the public interest to promote free discussion of public questions and free association of those with common views; but it is not in the public interest to freeze the discussion and decisions of the future in the mold of the present. In support of this view there may be cited: Boorse Trust, 64 D. & C. 447; 3 Scott on Trusts, §374.6, page 2008; 2 A. L. I. Restatement of the Law of Trusts, 374, Comment K; In re Grossman's Estate, 75 N. Y. S. 2d 335, 337.

On the contrary, trusts for the propagation of some particular policy believed by a settlor to be for the public benefit may be supported as charitable although there are many who do not agree: Taylor v. Hoag et al., 273 Pa. 194 (a case in which Pennsylvania divorced itself from the Massachusetts view that a valid charitable trust might not be established for a purpose

which involves changes in existing law) ; Annotation 12 A. L. R. 2d 849, 876. Thus in Lewis' Estate, 152 Pa. 477, a trust to prevent discrimination against the colored races was held valid; in George et al. v. Braddock, exec., etc., 45 N. J. Eq. 757, 18 Atl. 881, 6 L. S. A. 511, a trust to teach the single tax doctrine of Henry George was upheld, and in Peth et ux. v. Spear et. al., 63 Wash. 291, 115 Pac. 164 (1911), a trust to promote "a communal industrial institution, and the education of the people in the principles of socialism" was held lawful.

In the case at bar the gift is not in trust but a simple gift and no question of perpetuity is involved. This distinguishes the case from Boorse Trust Co., 6 D. & C. 447.

Whether the decision in Beth v. Spear would have been the same in this modern day when we have learned how completely organized communism is devoted to the overthrow of the government need not now be considered. In the present case a gift to a party organization has been made, not a trust to promote certain principles.

Is the taking of evidence necessary to determine the nature of the Socialist-Labor Party? The Socialist Party is well known. It antedates the present communism movement and has many times presented a candidate for president. The courts may take judicial notice of public matter of this sort: 20 Am. Jur. 86, §64; 2 Henry on Evidence 504, 516. Judicial notice has been taken of political parties: The State ex rel. Holt et al. v. Denny, Mayor, et al., 118 Ind. 449, 21 N. E. 270, 4 L. R. A. 65; United States ex rel. Boric v. Marshall, 4 F. Supp. 965.

In this State a gift may be made to an unincorporated association: Lawson's Estate, 264 Pa. 77, 82; Houk's Estate, 33 D. & C. 511; Liederkranz Singing Society v. Germania Turnverein, 163 Pa. 265.

A decree of distribution is handed down herewith.