## Alesczyk v. Glen Alden Corp.

Before Pinola, P. J., Lewis and Brominski, JJ.

*Rosenn, Jenkins & Greenwald,* for plaintiffs.

*Franklin B. Gelder, Henry Thalenfeld* and *Joseph L. Reynolds, 3rd,* for defendant.

PINOLA, P.J., September 24, 1962.—In this action 154 plaintiffs have joined seeking to restrain defendant from dumping refuse on a certain culm bank situate partly in Ashley Borough and partly in Hanover Township.

They allege that the burning bank is a public nuisance which should be abated and that they have suffered personal injuries and damages to their respective dwellings.

Defendant has filed several preliminary objections.

In the first it seeks to dismiss the complaint on the ground that St. Charles Parish, St. Leo's Parish, Presbyterian Church Association, and A. M. Pugh Estate lack capacity to sue under Pa. R. C. P. 2002.

Prior to the new rules, an unincorporated association could not file a bill in equity in its own name: Chester Pros Football Team v. Clifton, 26 Del. Co. 332.

Now, under Pa. R. C. P. 2152, the action may be brought but it must be prosecuted "in the name of a member or members . . . as trustees ad litem for such association. An action so prosecuted shall be entitled 'X Association by A and B, Trustees ad Litem' against the party defendant."

The complaint must be amended to comply with this rule as to parties and it must also include an averment that the association is unincorporated: Hocker v. Thomson, 2 D. & C. 2d 95.

Where the property is held by a trustee for the use of the association, as in the case of St. Charles Parish and St. Leo's Parish, the suit must be brought by the bishop of Scranton, the trustee: Wolfe v. Limestone Council No. 373, 233 Pa. 357.

With regard to the A. M. Pugh Estate as a party plaintiff, it is clear that there is no such legal entity and the suit must be brought by the personal representative either alone or with others, depending upon the circumstances: Casner v. Fisher, 22 D. & C. 2d 1.

In the second objection, defendant moves to strike off the complaint because it is not verified by all parties.

Pennsylvania Rule of Civil Procedure 1024(c) provides expressly that "the verification shall be made by one or more of the parties filing the pleading . . ."

Where the co-plaintiffs assert a solely joint interest against others, it is proper to permit any one of them to make the verification on behalf of all. If, as here, the claims made by the co-parties are separate, a literal construction of the rule would still permit any one or more of the parties to make the affidavit on behalf of all. This would appear to be contrary to the spirit of Pa. R. C. P. 1024(a), which has as its object the support by an affidavit of every averment of fact not appearing of record. Of course, one plaintiff can have direct knowledge of all the facts material to the pleading of the cause of action except as to the damages sustained by each of the plaintiffs.

At page 188, 2A Anderson Pa. Civ. Pract. points out:

"A strong argument against the contrary conclusion that each party must verify the pleading is that its application would have the same effect as though the rule stated that 'all' parties must verify the pleading. Since this is not required but is excluded by the express statement that 'one or more of the parties' may verify,

it is proper to conclude that the adoption of the strict view would be a violation of the rule itself." ...

### Order

Now, September 24, 1962, defendant's preliminary objection as to lack of capacity of certain parties to sue is sustained; its motion for a more specific complaint is sustained in part; and plaintiffs are required to amend their complaint within 20 days to conform to the foregoing decision.