## Swift's Executors *versus* The Beneficial Society of the Borough of Easton.

1. A beneficial society whose benefits and benevolence are confined exclusively to its contributing members is not a charitable use within the 11th sect. of Act of April 26th 1855 (Bequests to Charities).
2. Babb *v.* Reed, 5 Rawle 155, approved.

March 18th 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county :* No. 310, to January Term 1873.

This was an amicable action, filed February 8th 1873, and case stated, in which The Beneficial Society of the Borough of Easton were plaintiffs, and Edward C. Swift and Robert I. Jones, executors, &c., of Elizabeth L. Swift deceased, were defendants.

The facts agreed on the case were :—

Elizabeth L. Swift by her will, dated May 22d 1872, after giving a number of legacies to her relatives and others, bequeathed as follows:—

"Should there be any money left after paying the foregoing legacies, I desire that the same may be disposed of in the following manner. One thousand dollars to go to Walter Ross, and after he has been paid, one thousand dollars to go to The Old Easton Beneficial Society, of which my late husband was a member; and after that has been paid, one thousand dollars to go to Charles Swift, Sr., of Chicago."

The testatrix died on the 27th day of the same month of May, being less than thirty days after the execution of her will.

The constitution and by-laws of the society provide: That the object of the society was for the relief of its members when unable from bodily infirmity to pursue their ordinary avocations. Every member to pay such entrance-money and monthly dues and contributions as the society shall from time to time declare; the benefits to be distributed as should be provided by the by-laws; no person to be entitled to benefits until after one year's member-

ship; no member in arrears to be in full standing nor entitled to benefits; a member might be expelled if in arrears; weekly benefits and the amount to be paid on the death of a member or his wife were specifically fixed and forfeited for misconduct.   By the case stated it was agreed that: "If the court be of opinion that the said The Beneficial Society of the Borough of Easton, is a society for charitable uses, under the Act of the General Assembly of the Commonwealth of Pennsylvania, approved April 26th 1855, then judgment shall be entered for the defendants.   But if the said plaintiff is not a society for charitable uses, then judgment to be entered for the plaintiff in the sum of one thousand dollars," &c.

The court (Longaker, P. J.) entered judgment for the plaintiff for $1000.

Section 11 of the Act of April 26th 1855, Pamph. L. 332, 2 Br. Purd. 1477, pl. 22, provides that, "No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic or to any person, in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible and at the time disinterested witnesses, at least one calendar month before the decease of the testator or alienor, and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee next of kin, or heirs according to law."

The defendants took out a writ of error, and assigned for error the entering of judgment for the plaintiffs.

*O. H. Myers*, for plaintiffs in error.—The limitation of benefits to a class does not destroy the charitable character of the society, Mayer v. Society, 2 Brewster's Rep. 385. He cited also Cresson's Appeal, 6 Casey 437; Price v. Maxwell, 4 Id. 23; Brendle v. German Congregation, 9 Id. 415; Wright v. Linn, 9 Barr 433; Miller v. Porter, 3 P. F. Smith 292; Taylor v. Mitchell, 7 Id. 209; Yard's Appeal, 14 Id. 96.

*E. Allis*, for defendants in error.—A society for the purpose of benevolence amongst its members only, is not a charity: Babb v. Reed, 5 Rawle 151; Beaumont v. Meredith, 2 Vesey & B. 180. To create a charity there must be a public benefit open to an indefinite number: Perry on Trusts, secs. 697-699, 710.

The opinion of the court was delivered, May 17th 1873, by

READ, C. J.—The plaintiffs in this case are a beneficial society, both in name and by the provisions of their charter, and their benevolence and benefits are exclusively confined to contributing members of the association.   The members must be regularly admitted, must not be infirm, must be citizens and between the ages of twenty-one and forty-five years of age; and no person shall be

entitled to any benefits from this society until he shall have been one year a member. Each person, on being admitted a member of their society, shall pay such entrance-money and monthly dues and contributions as the society may by their by-laws from time to time declare. A member is not in full standing if in arrears for fines, contributions or monthly dues; and not entitled to benefits in sickness if in arrears for dues, contributions, or fines, for three successive stated meetings, and may be expelled for arrears of dues or fines. The amount to be paid in case of death of a member or his wife is fixed. There are other provisions showing that the benevolence is strictly a matter of contract, and may be enforced in a court of justice. The object of this society shall be the relief of its respective members when sick, or disabled by bodily infirmities to pursue their ordinary avocations. Its benevolence begins and ends at home. In Babb *v.* Reed, 5 Rawle 155, it was held that an association for the purposes of mutual benevolence among its members only, is not an association for charitable uses. This was a lodge of Odd Fellows. In Blenon's Estate, Brightly's Reports 338, the beneficial societies who were claimants under the will of the testator, as "institutions of charity and benevolence," were so considered by the auditors, which decision was reversed by the Orphans' Court, who decreed "that no friendly or beneficial society is entitled to any share in the bequest of the testator," which decree was affirmed by the Supreme Court. These decisions are the settled law of this court.

The 11th section of the Act of 20th April 1855, Pamph. L. 332, provides that "no estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least one calendar month before the decease of the testator or alienor, and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, next of kin, or heirs according to law: Provided that any disposition of property within said period, bonâ fide made for a fair valuable consideration, shall not be hereby avoided."

No case comes within the English statute, of which this section is a copy in principle, unless the gift be for a charitable use, and the three cases which have been decided in this state under our act, were all charitable uses, and one of them also a religious use. Charitable uses are well understood in Pennsylvania, and the general subject has been largely discussed by Mr. Justice Strong, in The Domestic and Foreign Mission's Appeal, 6 Casey 433; Cresson's Appeal, Id. 437; and The Evangelical Association's Appeal, 11 Casey 316, and clearly fix the meaning of charitable uses in the 11th section of the Act of 1855.

Mrs. Elizabeth L. Swift made her will on the 22d of May 1872,

[Swift's Executors *v.* Easton Beneficial Society.]

evincing great care in distributing her property, and recollecting friends by various gifts, and towards the close of it gives the legacy of "one thousand dollars to go to the old Easton Beneficial Society, of which my late husband was a member," and died on the 27th of the same month of May.

It is clear this is not a religious use, and it seems equally clear it is not a charitable use, and if so it is a perfectly valid legacy, and must be paid by the defendants.

Judgment affirmed.