## Barrett *v*. King, Appellant.

*Contracts — Executors and administrators — Agreement to pay commissions on sale of real estate—Personal liability of administrator—Encumbrances—Proper purchaser.*

A contract to pay commissions on the sale of real estate, executed by an administrator, although not binding upon the estate, does bind the administrator personally; and if a co-heir of the administrator assents to the contract, he also is bound.

A person who has contracted to pay commissions on the sale of real estate cannot object to such payment, on the ground that the purchaser offered was an unincorporated association, inasmuch as such an association may lawfully hold title to real property.

Where, in such a case, the real estate is encumbered by a widow's dower and a mortgage, the broker who has secured a proper purchaser has earned his commissions, although the person with whom he contracted has been unable to procure a release or discharge of encumbrances.

Argued May 8, 1916. Appeal, No. 124, April T., 1916, by defendants, from judgment of C. P. Armstrong Co., Dec. T., 1915, No. 195, on verdict for plaintiff in case of Edward E. Barrett, et al., trading as Barrett & Llewellyn, v. E. S. King, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before KING, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $200. Defendant appealed.

Assignment of Error—Opinion of the Court. [64 Pa. Superior Ct.

·*Error assigned,* among others, was in refusing binding instructions for defendant.

·*R. L. Ralston,* with him *James Rayburn,* for appellant. —The contract was void: Myers v. Hodges, 2 Watts 381; Miles v. Diven, 6 Watts 148.

*H. L. Golden,* with him *Harry C. Golden,* for appellees. —The contract was binding upon the defendant: Seip v. Drach, 14 Pa. 352; Fehlinger v. Wood, 134 Pa. 517; Frick v. Shimer, 26 Pa. Superior Ct. 563; Keller's App., 181 Pa. 600; Gumaer v. Barber, 182 Pa. 31.

OPINION BY WILLIAMS, J., October 9, 1916:

The plaintiffs brought suit to recover a commission for the sale of real estate. A written contract was made, signed by "Edw. S. King, Adm. Est. Addison King." The signer and his brother, Walter King (who had authorized Edward to act for him), were the owners of the property, subject to their mother's dower and a mortgage which had been placed upon this and other property by the administrator under authority of the Orphans' Court. The agreement of agency, inter alia, provides for the payment to the plaintiffs, as a commission, of such sum as they may be able to secure over and above $3,300, which was fixed as the selling price. A purchaser was procured at $3,500. An agreement of sale was prepared but the defendants refused to sign, alleging that the purchaser was not satisfactory and that this was a condition of the employment of the agents, although not in the written contract of agency, and also that the title was encumbered with the mother's dower and the mortgage referred to above. The reason given that the proposed purchaser was not satisfactory was its lack of financial ability, it being an unincorporated association, and that it sold liquor illegally.

The disputed questions of fact were left to the jury, which rendered a verdict for the plaintiff for $200.

The assignments of error raise three questions: (1) The contract being signed by Edward S. King as administrator of his father's estate, was he personally liable on the contract with his brother, who was proved by oral evidence to have made E. S. King his agent in the transaction? (2) Was the purchaser offered a proper one and capable of taking title? (3) Did the fact that the premises were encumbered relieve the defendants from liability to pay for the loss of commission?

The greater part of the appellant's argument is devoted to showing that a written contract cannot be varied by parol in the absence of an averment of fraud, accident or mistake. There is nothing in the case to warrant the application of the rule. One of the defendants signed the contract as administrator and it is conceded that this did not bind the estate. His signature, however, binds him in his individual capacity: Seip v. Drach, 14 Pa. 352; Frick v. Shimer, 26 Pa. Superior Ct. 563; Keller's App., 181 Pa. 600, and also his brother and co-heir, if the latter has assented to the contract: Fehlinger v. Wood, 134 Pa. 517, and see Gumaer v. Barber, 182 Pa. 31.

The purchaser offered was capable of taking title. An unincorporated association may lawfully hold title to either real or personal property: Phipps v. Jones, 20 Pa. 260; Liederkranz Singing Soc. v. Germania Turn-Verein, 163 Pa. 265. The purchaser might have been personally distasteful to the defendants, yet if in law financially responsible (which was shown by the evidence), the defendants could not refuse to convey and thus escape liability for the commission. The question of whether the purchaser was to be satisfactory to the defendants was left to the jury and their verdict is conclusive of the fact that the agreement did not contain such stipulation, it was, therefore, immaterial whether the purchaser might be prosecuted for a violation of the liquor laws.

The fact that the property was encumbered was no

defense to this action.   A real estate broker has earned his commission when he introduces to his principal a responsible purchaser ready to pay the price named by the seller: Clendenon v. Pancoast, 75 Pa. 213.   An agent does not lose his right to commission because the owner is unable to procure a release or discharge of encumbrances, unless the contract of agency so stipulates: Fenn v. Dickey, 178 Pa. 258.

The evidence admitted was competent.   The defendant, Walter King, having testified that he had authorized his brother to act for him, the error, if any, was harmless.

The technicalities as to the refinements of conveyancing might be applicable if this was an action for specific performance, but it is not.   It is an action to recover a commission and if the plaintiffs performed their part of the contract it matters not what were the reasons for refusing to complete the sale other than the responsibility of the proposed purchaser.

The assignments of error are overruled and the judgment affirmed.