## Shenango Pottery Workers Assn. et al. v. Crawford et al.

*Gilbert E. Long,* for plaintiffs.
*Alvah M. Shumaker,* for defendants.

BRAHAM, P. J., April 23, 1947.—Plaintiffs, Frances Johnston, Harry Brown and Martin Chill, are members of an unincorporated association known as Shenango Pottery Workers Association. They have brought suit as trustees ad litem on behalf of themselves and other members against George Crawford, Kitty Reiter and Donald Brown who are alleged to be the last officers of the association. The proceeding has been denominated a bill in equity for a declaratory judgment but in its essence it is a bill for a dissolution of the association and an accounting of its funds. The only declaratory judgment required is a determination as to who are the members and what members or what associations are entitled to the money. No answer was filed. Instead the cause came on for hearing on a stipulation that the case be at issue and proceed to hearing without further pleadings. At the hearing the testimony taken at a previous hearing on a bill for discovery at no. 5, September term, 1945, in equity, was offered in evidence. From the whole body of evidence we make the following

### Findings of fact

1. The Shenango Pottery Workers Association was organized in 1932 as an unincorporated association to serve as social club and bargaining agent for the employes of the Shenango Pottery.

2. Although the association served as bargaining agent it was not affiliated with any larger labor body but was entirely independent.

3. Bylaws were adopted but they have been lost and no evidence as to their nature was offered by either side.

4. Dues were paid in by the members through the check-off system. There remained in the treasury at the time of trial assets in the total amount of $5,696.88.

5. On January 18, 1943, the members of the Shenango Pottery Workers Association voted to become a part of the United Construction Workers, a body affiliated with the United Mine Workers and a subordinate union of the American Federation of Labor. It became Local 366 of the United Construction Workers.

6. The resolution authorizing affiliation with the United Construction Workers was adopted by a majority of the meeting but there were dissenting members and some members did not join Local 366.

7. On January 18, 1943, a further resolution was adopted by a majority of the meeting. It was as follows:

"Now, therefore, be it resolved that the treasurer of this association be and she is hereby authorized to retain sufficient funds in her hands to pay all legitimate debts of the organization and to immediately deliver to Shenango Pottery Workers Local Union 366 of United Construction Workers the balance in her hands for the whole and sole benefit of said local union, for the sole purpose of furthering the aims and best interests of the members thereof."

8. On January 19, 1943, the funds of the Shenango Pottery Workers Association were transferred to a new bank account in the name of Shenango Pottery Workers Local 366, United Construction Workers.

9. On June 3, 1943, an election was held under the National Labor Relations Act to determine the bargaining agent for the Shenango Pottery workers, at which election the Committee of Industrial Organizations won instead of the United Construction Workers.

10. In October of 1943 a meeting of Shenango Pottery Workers Local 366 was held at the home of a member. The minutes show action as follows: "That all funds now on hand in this said local be transferred into a fund for the Shenango Pottery Workers to be used

in the future for a building fund for a new cafeteria for the Shenango Pottery Workers. Motion was made and properly carried that our secretary and treasurer be instructed to pay the acting officers of Local 366 salaries to date, which have been running from June of 1943. Miss Katherine Reiter was instructed to pay them immediately. It was agreed that there would be a meeting during the coming week for all members of Local 366, at which time final steps will be taken to carry out these motions".

11. On October 23, 1946, at a meeting of Shenango Pottery Workers Local 366 further action was taken, the minutes of which are as follows: "Shenango Pottery Workers Local 366, United Construction Workers, Div. of District Fifty, UMWA, October 23, 1943. Resolution presented by James Hook reading: Whereas, it is to the best interests of Shenango Pottery Workers Local 366, located in New Castle, Pa., to dissolve as a local of UCW since they are not permitted to function as a collective bargaining agent; and now therefore be it resolved that we immediately reorganize the Shenango Pottery Workers Association as a social organization".

12. Subsequent to October 23, 1943, the funds of the association were conveyed back to Shenango Pottery Workers Association. They now consist of a United States Government bond in the amount of $1,000, a like bond of the value of $500, a checking account in Lawrence Savings & Trust Company of New Castle, Pa., in the amount of $3,386.23 and a deposit with Shenango Pottery Employes Credit Union in the amount of $840.65. The bonds, bank books and account book are in the possession of Kitty Reiter, one of the defendants.

13. Defendant George Crawford has been acting as president, Kitty Reiter as treasurer and Donald Brown

as secretary of Shenango Pottery Workers Association.

14. At no time has there been unanimous action attempting to dispose of the property of the association.

15. No demand for the fund has been made by the United Construction Workers or the CIO union.

16. A CIO union now has the bargaining rights for the employes of Shenango Pottery.

### Discussion

There are three essential findings of fact which control our decision in this application for dissolution of an unincorporated association and distribution of its assets: First, there are no bylaws which authorize less than all the members to dispose of the property; second, although the association in question was a labor union it is not a subordinate to or affiliated with any other labor union; third, there has been no unanimous action regarding disposing of the property of the association.

At common law an unincorporated association was incapable of taking title to real estate or personal property: 4 Am. Jur. 477; 7 C. J. S. 38. An exception for religious associations early developed and in Pennsylvania since 1731 such associations have been endowed with a quasi-corporate existence: Phipps v. Jones, 20 Pa. 260; Chester Housing Authority v. Ritter et al., 344 Pa. 653, 656. The extension of this principle to charitable associations appears from Leatherman et al. v. Wolf et al., 240 Pa. 557. The purposes of the association whose affairs are now before us are bargaining rights and the social pleasure of the members. These are not charitable purposes because they are for the benefit of members only: Swifts Executors v. The Beneficial Society of the Borough of Easton, 73 Pa. 362. There is authority by way of dic-

tum holding that "An unincorporated association may lawfully hold title to either real or personal property": Barrett v. King, 64 Pa. Superior Ct. 601, 603. This view was followed in Houk's Estate, 33 D. & C. 511, decided in this court, a case criticized in Rathbone's Estate, 170 N. Y. Misc. 1030, 11 N.Y.S. (2d) 506, 531. Hawk et al. v. Hawk et al., 88 Pa. Superior Ct. 581, and Africa et al. v. Trexler, 232 Pa. 493, hold, however, that an unincorporated association may not hold title to real estate.

In the case before us the association already has the property. It was contributed by the members. To whom does it belong? Here the absence of bylaws or a constitution is important. The constitution and by-laws of an unincorporated association form a contract among those who become members: Gordon et al. v. Tomei et al., 144 Pa. Superior Ct. 449, 457; Brown v. Lehman et al., 141 Pa. Superior Ct. 467. Bylaws may provide how a fund may be distributed within the bounds of the original purpose (Leatherman et al. v. Wolf et al., supra) ; but if there are no bylaws the property belongs to the owners. No one can vote it away from them because they have not authorized anyone to vote it away. The members of an unincorporated association may be held individually liable for the debts (McLean Coal Co. et al. v. Pittsburgh Terminal Coal Corp. et al., 328 Pa. 250) and therefore the members should have the property to cover the debts.

This is not the case of a local seceding from a parent union because the decisive fact here is the failure of the members of the Shenango Pottery Workers Association ever in any valid way to dispose of the funds of the original association. Cases involving withdrawal of locals from parent unions are discussed in the note to Textile Workers Union v. Federal Labor Union

(Ala.), 198 So. 606, 131 A. L. R. 896. The case before us more resembles State Council Junior Order of United American Mechanics of Pa. v. Emery, 219 Pa. 461. There the charter of a subordinate body having been revoked by the supreme body, it was held that the subordinate body retained its property. The Act of June 20, 1883, P. L. 132, 10 PS §111, was held not to apply. This act provides for the distribution of the funds of unincorporated societies to the parent body upon dissolution, expulsion, surrender of warrant or charter where the rules and regulations so provide. In the present case no rules and regulations affect the case, there was no superior union over the Shenango Pottery Workers Association, the funds never were properly transferred to the United Construction Workers and therefore we are not concerned with trying to get the funds back. That union never had the funds. A fortiori the CIO union never had them.

The resolution of January 18, 1943, referred to in finding of fact numbered 7, was not entirely without effect. The majority of the members of an unincorporated society can determine who is to have custody of the property but not who is to own it: Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265. Therefore, the transient custody of the funds of the old local union Shenango Pottery Workers Association by United Construction Workers No. 366 did not affect the continuing ownership by the members of the old local. In like manner the attempt by a few of the members to dedicate the funds to the building of a new cafeteria, as was done by the resolution of October 1943 referred to in finding of fact numbered 10, is an abortive attempt. Members are not partners. They have no authority to act for one another except as may have been agreed upon: 1 Willston on Contracts, 899, §307.

The list of members of Shenango Pottery Workers Association which appears in the evidence is admittedly of doubtful accuracy. It may be necessary to appoint an auditor before whom claims may be presented. This will not be done, however, until the main point in the case is decided. The parties may by unanimous consent do anything they wish with the fund and any member may dispose of his individual share. All we do at the present time is to decide that the members of the old local union are the owners of the fund. If the members are able to decide upon a common disposition of the fund by assigning their individual shares such a solution may be recognized. Otherwise distribution may be ordered among the members using the checkoff list as a starting point.

### Conclusion of law

1. In the absence of bylaws or a constitution which provide the contrary, the property of an unincorporated association belongs to its members and cannot be transferred by any kind of joint action save unanimous consent.

### Decree nisi

And now, April 23, 1947, after full consideration of this case it is ordered, adjudged and decreed that the funds now in the hands of defendants as officers of Shenango Pottery Workers Association and particularly in the hands or possession of Kitty Reiter as treasurer, belong to and are the property of all the members of Shenango Pottery Workers Association, an unincorporated association, who were members on January 18, 1943, or at the time nearest that date when the members can be ascertained. Dissolution of the association is hereby decreed. The members who are owners of the fund and the shares they are to take shall be determined by further proceedings in this

court. This decree shall become absolute unless exceptions are filed to it within 10 days from the filing hereof.