Mervish, Appellant, v. Cades et al.

Argued November 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Jacob Weinstein,* and with him *Harry M. Seidenberg,* for appellant.

*Joseph Gross,* and with him *Max E. Cohen,* for appellee.

OPINION BY KELLER, J., February 28, 1930:

This was a suit against the members of an unincorporated beneficial association, by the widow of a deceased member, to recover the death benefit to which she claimed to be entitled as his surviving spouse.

It is settled that such a claim against an unincorporated beneficial association can only be enforced by suit in equity, and not by action at law: Oster v. Brotherhood of Locomotive Firemen, 271 Pa. 419; Maisch v. Order of Americus, 223 Pa. 199, affirming 34 Pa. Superior Ct. 436; Fletcher v. Gawanese Tribe, 9 Pa. Superior Ct. 393—see full discussion on page 397.

The fact that after the death of the plaintiff's husband, a corporation, bearing the same name as the association, was formed, which took over the assets of the unincorporated association, in consideration of its assumption of the association's liabilities, would not change the method of procedure. The liability of the association could not be determined in any other way than by bill in equity. The creation of the corporation did not affect the liability of the association on its existing claims. On the death of the plaintiff's husband her claim against the association, if she had any, became fixed and payable, enforceable, if resisted, only in equity; and, being compelled to go into equity, her rights, if any, against the corporation, growing out of the transfer to it, and its possession, of the assets of the association, out of which the claim must be paid (See Act of April 28, 1876, P. L. 53), can be determined in the same proceeding.

We are therefore of opinion that the lower court erred in sustaining the preliminary objections of the defendants to the bill and certifying the cause to the law side of the court for further proceeding.

432

The assignment of error is sustained. The order of the court below is reversed, and the record is remitted for further proceedings in accordance with the equity rules.