## Brenner v. Frey et al.

*J. Andrew Frantz,* for plaintiff.

*Windolph & Mueller,* for defendants.

ATLEE, P. J., March 18, 1935.—The plaintiff Frank Brenner is a resident of the City of Lancaster and on or about December 22, 1926, as he pleads in his statement, entered into a "verbal agreement" with one Samuel F. Frey. By the terms of this agreement Brenner paid to Frey 25 cents and thus "became a member of an association called The Lancaster Co-Operative Association", an unincorporated burial association. The certificate attached to the plaintiff's statement stipulates, in brief, that Brenner is entitled to all the privileges of a member in the association, provided he pays all dues upon the death of each member in the series within 30 days after notice.

According to the plaintiff's statement, Samuel F. Frey, S. L. Frey and S. Percy Frey, "traded as the Lancaster Co-Operative Association," and Samuel F. Frey acted for his associates in making the agreement with the plaintiff. The plan of operation of the association was that when a member died an assessment was levied on all remaining members. No regular assessments were made in the absence of deaths. In consideration of the payment by members of assessments of 10 cents each, the defendants agreed, in the event of the death of a member, to bury the remains of the member, providing a funeral to cost $100. The plaintiff avers that in addition to his membership fee of 25 cents, he paid a total of 95 assessments of 10 cents each from February 28, 1927, until June 24, 1931. This sum of $9.75 represents the payment of all assessments called by the defendants in this suit. .

518

On or about October 28, 1931, the defendants notified the plaintiff that the defendants could not continue to conduct the association for the reason that they had received notice from the Insurance Department of the Commonwealth of Pennsylvania that the operation of the association was contrary to law in that it was conducting an insurance business, and that the association would have to suspend operations so far as taking in new members and making assessments was concerned. On or about November 15, 1931, the plaintiff demanded the return of the sum of $9.75 which payment has been refused by the defendants. On May 19, 1934, Frank Brenner assigned to Mary F. Brenner, the instant use-plaintiff, all of his rights in his membership certificate in the association. The instant action is brought to recover the sum of $9.75 with interest from November 15, 1931. Since the bringing of the suit Samuel F. Frey has died and Samuel L. Frey, as administrator of Samuel F. Frey has been joined as a party defendant.

The affidavit of defense raising question of law avers that the plaintiff's statement of claim fails to set forth a good cause of action, fails to set forth any liability on the part of the defendants or any of them, fails to set forth whether the plaintiff's claim is based upon contract or tort, fails to set forth whether the plaintiff relies upon a written or oral contract and fails to set forth to whom the payments were made.

There seems to be no doubt of the fact that the plan of operation of the defendants as set forth in the plaintiff's statement was a violation of law, and that the Insurance Department of the Commonwealth acted properly in stopping further doing of business by the defendants.

Section 9 of the Practice Act of May 14, 1915, P. L. 483, requires the plaintiff to state in an action on contract whether the contract was oral or in writing and this section of the Practice Act repeatedly has been held to be mandatory and not merely directory. The plaintiff's

statement is defective in this particular as well as in others.

More important than a matter of pleading there is objection to continuing this litigation in its present form. A claim against an unincorporated beneficial association can not be enforced by action at law: See Mervish v. Cades et al., 98 Pa. Superior Ct. 430, 431; Oster v. Brotherhood of Locomotive Firemen and Enginemen et al., 271 Pa. 419, 421. As Brenner in this suit is attempting to recover on his rights as a member of an unincorporated association this case should not be permitted to continue in its present form.

The rule to show cause why a more specific statement of claim should not be filed must be discharged, since this action cannot continue.

As to the affidavit of defense raising questions of law, the decision of the questions of law here raised disposes of the whole of the claim of the plaintiff in the instant action, and the court now enters judgment for the defendant, without prejudice to the plaintiff's rights to proceed further as the plaintiff sees fit.